IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 9, 2002 Session

# ERNEST J. FRYE v. BLUE RIDGE NEUROSCIENCE CENTER, P.C., ET AL.

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Law Court for Sullivan County**
**No. C33344(M)     John S. McLellan, III, Judge**

---

**No. E2000-02155-SC-R11-CV - Filed March 11, 2002**

---

We granted this appeal to determine whether process issued upon a second complaint satisfies Rule 3 of the Tennessee Rules of Civil Procedure when the plaintiff failed to serve process on the original complaint. After careful consideration of the Tennessee Rules of Civil Procedure and applicable case law, we hold that a plaintiff may rely upon the initial filing date to satisfy a statute of limitations if that plaintiff, having failed to issue or serve process within thirty days of filing the complaint, continues the action by issuing new process on the original complaint as required by Rule 3. In addition, a plaintiff may request a voluntary dismissal within the one-year time period under Rule 3, without having served process, and still rely on the original date of commencement to satisfy a statute of limitations if the plaintiff serves a copy of the Notice of Voluntary Dismissal and the complaint on the defendant as required by Rule 41.01. Because the plaintiff in this case failed to comply with either Rule 3 or Rule 41.01, the plaintiff may not rely on the filing date of the original complaint for purposes of satisfying the applicable one-year statute of limitations. Accordingly, the judgment of the Court of Appeals granting the defendants summary judgment is affirmed.

**Tenn. R. App. P. 11 Application for Permission to Appeal; Judgment of the Court of Appeals Affirmed.**

FRANK F. DROWOTA, III, CJ, delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ, joined.

Olen G. Haynes, Johnson City, Tennessee, and Robert P. Starnes, Norton, Virginia, for the appellant, Ernest J. Frye.

Jimmie C. Miller and Nancy C. Eastridge, Kingsport, Tennessee, for the appellee Blue Ridge Neuroscience Center, P.C., and William T. Gamble and Russell W. Adkins, Kingsport, Tennessee, for the appellee, Gregory N. Corradino, M.D.

**OPINION**

## I. Factual and Procedural Background

Plaintiff, Ernest J. Frye, was injured in an automobile accident on September 30, 1997. Dr. Gregory N. Corradino treated the plaintiff's cervical injuries until the plaintiff was released from Dr. Corradino's care on or about January 18, 1998.[1]  Thereafter, on November 25, 1998, the plaintiff filed a complaint against Dr. Corradino and Blue Ridge Neuroscience Center, P.C., ("Blue Ridge") alleging medical malpractice.[2]  That same day, the trial court clerk's office issued summonses for the defendants which were given to the plaintiff's attorney.  These summonses were never returned to the clerk's office, and it is undisputed by the parties that the defendants in this case were never served with process on this complaint.  Neither defendant made an appearance, nor were answers filed in the original lawsuit.

On February 26, 1999, counsel for Blue Ridge sent a proposed notice of voluntary dismissal to the plaintiff.  This notice was not filed, but, on June 7, 1999, the plaintiff filed his own notice of voluntary dismissal which was granted and entered on June 8, 1999.  No certificate of service was attached to the notice of voluntary dismissal, nor were the defendants provided with a copy of the original complaint as required by Tennessee Rule of Civil Procedure 41.01. On November 22, 1999, the plaintiff, represented by different counsel, filed a second complaint against Dr. Corradino and Blue Ridge.  Summonses were issued on this second complaint on November 22, 1999, and were served on the defendants and returned to the clerk's office on November 23, 1999.

On January 21 and 31, 2000, defendants Corradino and Blue Ridge, respectively, filed separate motions for summary judgment asserting that the plaintiff's action was barred by the medical malpractice one-year statute of limitations because the plaintiff had failed to comply with Rule 3 of the Tennessee Rules of Civil Procedure by not reissuing process on the original complaint within one year of its filing.  On June 30, 2000, the trial court denied the defendants' motions for summary judgment.  The trial court reasoned that, although process on the original complaint had not been reissued in accordance with Rule 3, the defendants were not prejudiced by the plaintiff's failure to comply with Rule 3 because the defendants had actual notice of the lawsuit.  As evidence of the defendants' actual notice, the trial court pointed to the February 26, 1999, letter from counsel for Blue Ridge to the plaintiff which contained a proposed notice of

---

[1]The parties do not dispute the date on which the plaintiff's cause of action accrued.  The parties agree that the cause of action accrued upon the plaintiff's discharge from Dr. Corradino's care on or about January 18, 1998. Therefore, we assume for purposes of the statute of limitations that the plaintiff's cause of action accrued on January 18, 1998.

[2]At the time of the filing of the first complaint, the plaintiff was represented by counsel in Norton, Virginia.

voluntary dismissal.[3]  The defendants obtained permission to seek an interlocutory appeal from this ruling.

The Court of Appeals of Tennessee, Eastern Section, granted the defendants' interlocutory appeal and reversed the decision of the trial court.  In so doing, the Court of Appeals held that "the liberal construction of the saving statute" did not permit the plaintiff to use the date of filing of the original complaint to satisfy the statute of limitations when process on the original complaint was never served on the defendants, regardless of whether the defendants had actual knowledge of the lawsuit. We granted the plaintiff's application for permission to appeal and hereby affirm the judgment of the Court of Appeals.

## II. Analysis

The central issue before this court is whether the plaintiff's service of process on the second, November 22, 1999, complaint satisfies the "new process" requirement of Rule 3.  Because there is no disagreement between the parties as to any material fact in this case, the issue presented before this court is a question of law, and our review is de novo.  Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).  If the issuance of process on the second complaint complies with Rule 3, then the plaintiff may rely on the filing date of the original complaint to satisfy the one-year medical malpractice statute of limitations.  See Tenn. Code Ann. § 29-26-116 (medical malpractice statute of limitations); Tenn. Code Ann. § 28-3-104 (statute of limitations for personal tort actions).  If, however, issuance of process on the second complaint does not satisfy Rule 3, then the first action has "expired" and the second complaint is untimely because it was filed after the one-year statute of limitations expired.

Commencement of civil actions in Tennessee is governed by Rule 3 of the Tennessee Rules of Civil Procedure, which reads:

> All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved.  If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

---

[3]We find no evidence in the trial court record to suggest that defendant Dr. Corradino had actual notice of the plaintiff's lawsuit.  The February 26, 1999, letter to the plaintiff from Blue Ridge did not indicate that a duplicate copy of the letter was mailed to counsel for Dr. Corradino.  Dr. Corradino was listed on the certificate of service on the proposed Notice of Voluntary Dismissal sent to the plaintiff by Blue Ridge, but because this form was never utilized or filed by the plaintiff, we cannot conclude that Dr. Corradino had notice of the plaintiff's lawsuit as a result of the February letter.

(Emphasis added). The parties do not dispute that the original complaint was filed within the one-year statutory period. The dispute in this appeal focuses upon whether the plaintiff can rely upon the original filing date for purposes of the statute of limitations for medical malpractice actions. Process was issued on the original complaint and was given to the plaintiff's attorney, but the defendants were never served with process on this complaint. Having failed to serve the defendants with process within thirty days of issuance, Rule 3 provides that the plaintiff may rely on the filing date of the original complaint to satisfy the statute of limitations only if the plaintiff continues the action by issuing new process within one year of prior issuance.

The plaintiff contends that the process issued on the second complaint satisfies the "new process" requirement of Rule 3 because process was issued on the second complaint within one year of the filing of the initial complaint. The defendants, however, point out that Rule 3 explicitly requires issuance of new process on the <u>original</u> complaint. Because this requirement was not met, the defendants argue that the plaintiff's first action had expired. We agree. The language of Rule 3 indicates that the plaintiff must <u>continue</u> the action by issuing new process. We interpret this language to mean that a plaintiff must issue new process on the original complaint within one year of prior issuance, or if no issuance, within one year of filing the complaint. We find that the second complaint, as evidenced by its new docket number, was a new action,[4] and was filed outside the statute of limitations.

"The rules governing practice and procedure in the trial and appellate courts of Tennessee were promulgated by the General Assembly and the Supreme Court . . . [and] have the force and effect of law." <u>Crosslin v. Alsup</u>, 594 S.W.2d 379, 380 (Tenn. 1980). We have held in numerous cases that "[t]he role of this Court in construing statutes is to ascertain and give effect to legislative intent. Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." <u>Schering-Plough v. State Bd. of Equalization</u>, 999 S.W.2d 773, 775 (Tenn. 1999). Rule 3 clearly requires that when a plaintiff fails to issue process within thirty days of filing the complaint or fails to serve process within thirty days of issuance, the plaintiff may only rely on the <u>original</u> commencement date for purposes of a statute of limitations so long as the plaintiff <u>continues</u> the action. We find support for this conclusion in the 1995 Advisory Commission Comment to Rule 3, which addresses the 1995 amendment to the rule and provides that,

> [b]ecause the former rule created confusion between the one-year recommencement period and the one-year saving statute, the recommencement provision is eliminated.

---

[4]This second complaint was filed by the plaintiff's second attorney for the purposes of commencing a "new action" under the language of the Tennessee saving statute, codified at Tenn. Code Ann. § 28-1-105(a).

Thus, issuance of process from the commencement of a new action brought under the saving statute is inapplicable to the provisions of Rule 3, and therefore we hold that a plaintiff must continue the action to satisfy Rule 3 by issuing new process on the original complaint within one year of initial issuance, or if no process is issued, within one year of filing the complaint. A reading of Rule 3 does not permit the interpretation that issuance of process as a result of the commencement of a new action satisfies the "new process" requirement.

The plaintiff also contends that the action is saved as a result of taking a voluntary nonsuit in June of 1998. Plaintiff argues that, having taken the nonsuit, he had one year to re-file under the Tennessee saving statute. This argument would have merit if the plaintiff had complied with Rule 41.01 of the Tennessee Rules of Civil Procedure. The Tennessee saving statute, codified at Tenn. Code Ann. § 28-1-105(a), provides, in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

(Emphasis added). Rule 41.01, governing the taking of voluntary dismissals, provides that,

> [s]ubject to the provisions of Rule 23.05 or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party . . . .

(Emphasis added). We find that Rule 41.01 addresses the situation where a plaintiff wishes to take a voluntary nonsuit within the time period provided by Rule 3 for issuance of new process. In such a situation, Rule 41.01 requires that the plaintiff serve copies of the Notice of Voluntary Dismissal and the complaint on all defendants. Although not technically "process," service of a copy of the Notice of Voluntary Dismissal and complaint ensures that defendants are given proper notice of the original lawsuit, while also placing defendants on notice that a new action may be commenced within twelve months under the saving statute.[5] The record in this case does not reflect that the plaintiff complied with the service requirements of Rule 41.01. At the time of the voluntary nonsuit, the defendants were not served with a copy of the Notice of Voluntary Dismissal and a copy of the complaint. Because the plaintiff failed to comply with both Rule 3 and Rule 41.01, the plaintiff may not rely upon the tolling period of the saving statute to avoid the bar of the statute of limitations.

---

[5]Issuance of summonses at the time of the plaintiff's nonsuit would be illogical since the plaintiff is requesting that the lawsuit be dismissed.

The plaintiff contends that it is not necessary to rigidly apply Rule 3 or the saving statute. The plaintiff argues that the spirit of Rule 3 and Rule 41.01 were satisfied because the letter to the plaintiff from counsel for Blue Ridge containing the proposed Notice of Voluntary Dismissal is proof that the defendants had actual knowledge of the lawsuit. The plaintiff finds support for this position in the unreported opinion of the Western Section Court of Appeals case of Kelly v. Wooten, No. 02A01-9712-CV-00305, 1998 Tenn. App. LEXIS 642 (Tenn. Ct. App. Sept. 29, 1998).[6] In Kelly, the plaintiff commenced the action by filing a complaint, had process issued, but served the parties' insurance adjuster rather than the actual named defendants. Less than a year after commencing the action, the plaintiff in Kelly took a voluntary nonsuit and, on the same day, recommenced the action. The Kelly court held that issuance of process on the new complaint satisfied Rule 3 because the second lawsuit was "essentially identical to [the] original suit" and that to find otherwise "would be to approve form over substance." Kelly, 1998 Tenn. App. Lexis 642, at *14-15. In addition, the court in Kelly held that the saving statute applied to save the plaintiff's action from the bar of the statute of limitations because the defendants had actual notice of the lawsuit as a result of correspondence to the defendants from their insurance adjuster, even though service of process on the correct defendants had never been accomplished.

Although we agree with Kelly that notice is an important consideration in the availability of the saving statute, it is not, however, a substitute for service of process when the Rules of Civil Procedure so require. As the Western Section Court of Appeals recognized in the unreported opinion of Toney v. Cunningham, No. 02A01-9801-CV-00005, 1999 Tenn. App. LEXIS 222 (Tenn. Ct. App. April 6, 1999),[7] which was decided less than six months after its decision in Kelly and concerned a plaintiff's failure to serve process on a defendant within the time period permitted by Rule 3:

> In support of [the plaintiff's] position, Ms. Toney relies on the ruling of our supreme court in Henley v. Cobb, 916 S.W.2d 915 (Tenn. 1996)[,] . . . [which] stated that an important factor when considering the applicability of Tennessee's saving statute is whether the defendant had notice of the plaintiff's original action. Henley does not, however, stand for the proposition that actual notice may serve as a substitute for service of process."

1999 Tenn. App. LEXIS 222 at *7 n. 4 (internal citations omitted). Therefore, to the extent that Kelly is inconsistent with our decision herein, it is expressly overruled. As explained in the 1991 Advisory Commission Comments to Rule 41:

> Rule 41.01(1) require[s] service of both the written notice of nonsuit and a copy of the complaint on other parties. Such a requirement helps cure the injustice of a plaintiff filing a complaint and summons under Rule 3 and immediately taking a

[6]No application for permission to appeal to this Court was filed in Kelly.

[7]No application for permission to appeal to this Court was filed in Toney.

-6-

nonsuit. If the saving statute applies, the plaintiff would get the benefit of tolling a statute of limitations without the defendant knowing of any litigation. But see Lee v. Crenshaw, 562 F.2d 380 (6th Cir. 1976), 622 F.2d 202 (6th Cir. 1980), indicating that such a ploy would not stop the running of the statute of limitations.

While the decisions of the Sixth Circuit are not binding on this Court, they are insightful on the resolution of issues of Tennessee law in our courts, and, clearly, the Crenshaw decision influenced the Advisory Committee's comment. In Crenshaw, the Sixth Circuit found that the plaintiff had "short-circuit[ed] the issuance of process" and ensured that the defendants in that case would not have notice of the lawsuit by filing only the originals of the complaint and immediately obtaining a nonsuit. 662 F.2d at 204. We find Crenshaw to be instructive in resolving this case, and while nonsuit in this case was not immediately taken as in Crenshaw, we hold that the plaintiff's failure to serve copies of the Notice of Voluntary Dismissal and complaint on the defendants, even in light of the correspondence between Blue Ridge and the plaintiff, renders the saving statute inapplicable in this case.

Statutes relating to the same subject or sharing a common purpose must be construed together ("in pari materia") "in order to advance their common purpose or intent." Carver v. Citizen Utils. Co., 954 S.W.2d 34, 35 (Tenn. 1997). Ultimately, we seek the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." Id.; see also LensCrafters, Inc. v. Sundquist, 33 S.W.3d 772, 777 (Tenn. 2000); Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995). Therefore, we must construe Rules 3 and 41.01 of the Tennessee Rules of Civil Procedure and the Tennessee saving statute together in a working order. Rule 3 anticipates that, when a plaintiff has failed to serve process on a defendant within thirty days of commencement, the plaintiff will continue the action by issuing process on the original complaint within one year of prior issuance, or if no prior issuance, within one year of filing the complaint. If the plaintiff is to have the benefit of the one-year tolling period of the saving statute, Tennessee Code Annotated section 28-1-105 (a) requires first that the plaintiff must have "commenced [the action] within the time limited by a rule or statute of limitation." Thus, availability of the saving statute is dependent upon a plaintiff's compliance with Rule 3. Further, we find that Rule 41.01 addresses the situation where the plaintiff has failed to serve process within the time period provided under Rule 3. We read Rule 41.01's requirement of service of a copy of the Notice of Voluntary Dismissal and complaint to satisfy Rule 3's ultimate goal of having process served on the defendant. Although this is not technically process because a summons is not served on the defendant at this time, the service of a copy of the Notice of Voluntary Dismissal and the complaint are appropriate in this situation, and provide (1) notice of the action and the filing of the complaint and (2) notice that the plaintiff may commence a new action under the Tennessee saving statute within one year of the nonsuit.

We hold that, absent service of the Notice of Voluntary Dismissal and the complaint at the time of taking the nonsuit, a plaintiff who has failed to serve process prior to the taking of the nonsuit in accordance with Rule 3 may not rely upon the benefit of the one-year tolling period of the saving statute to avoid the bar of the statute of limitations.

### III. Conclusion

We hold that Rule 3 permits a plaintiff who has not issued process within thirty days or has not served process within thirty days of issuance to rely upon the original commencement date to satisfy a statute of limitations only if the plaintiff continues the action within one year of first issuance, or if no issuance has occurred, within one year of filing the complaint, by issuing new process on the <u>original</u> complaint. Furthermore, in the event a plaintiff who has not served process on a defendant requests a voluntary nonsuit within the time period provided by Rule 3, the Tennessee saving statute may only "save" a plaintiff's action when the plaintiff has complied with Rule 41.01 by serving the defendant with copies of the Notice of Voluntary Dismissal and the complaint at the time of the nonsuit. In this case, the first action expired as a result of the plaintiff's failure to continue the action by issuing new process on the original complaint within one year of prior issuance. The savings statute also does not apply because the plaintiff failed to comply with Rule 41.01. Therefore, because the second complaint was filed after the one-year statute of limitations for medical malpractice actions had expired, the action was untimely. Accordingly, the judgment of the Court of Appeals is affirmed. Costs of this appeal are taxed to the appellant, Ernest J. Frye.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE