NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0515n.06
Filed: July 24, 2006

No. 04-6241

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PAUL S. MARKOWITZ,                                )
                                                  )
        Plaintiff-Appellant,                      )
                                                  )
v.                                                )    ON APPEAL FROM THE UNITED
                                                  )    STATES DISTRICT COURT FOR THE
JOHN HARPER, City of Memphis Police               )    WESTERN DISTRICT OF TENNESSEE
Officer; B. GIANNINI, City of Memphis             )
Police Officer,                                   )
                                                  )
        Defendants-Appellees.                     )

Before: MARTIN and SUTTON, Circuit Judge; JORDAN, District Judge.[*]

SUTTON, Circuit Judge. Paul Markowitz alleges that two Memphis police officers violated

various federal and state laws when they arrested him on January 30, 2002. One year after the

incident, he filed a lawsuit against the officers in federal court but voluntarily dismissed the case

four months later, on May 30, 2003. A year after that, on June 1, 2004, he filed another suit

(virtually identical to the first) against the officers. The parties agree that Tennessee's one-year

statute of limitations applies to Markowitz's claims and that he filed his first suit within the

limitations period.

---

[*] The Honorable R. Leon Jordan, District Judge for the Eastern District of Tennessee, sitting
by designation.

They disagree, however, about whether Markowitz's actions in dismissing his first lawsuit permit him to benefit from Tennessee's savings statute by giving him one year from the date he voluntarily dismissed the first suit to file the second. To take advantage of the savings statute, the district court held that Markowitz had to serve the officers with notice of his first suit and its dismissal "by registered return receipt or certified return receipt mail." D. Ct. Op. at 8. Because he did not, the district court held that Markowitz's claim was time barred. We reverse because intervening authority, released after the district court's decision, shows that Tennessee law does not require service by registered or certified mail in these circumstances.

I.

While driving home on the evening of January 30, 2002, Markowitz had a run-in with Memphis police officers John Harper and B. Giannini. On the basis of that encounter, Markowitz filed a lawsuit against the officers and other defendants in federal district court in Tennessee on January 30, 2003, under 42 U.S.C. §§ 1983 and 1985, alleging that the officers had violated his civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Federal Constitution as well as under state law.

The district court issued summonses for Harper and Giannini on January 30, 2003, but Markowitz never served them on the officers. Markowitz claims that "a Shelby County, Tennessee Assistant Attorney General . . . had [a] copy of the complaint . . . and . . . indicated in [his] presence that" the officers "were concerned about [the] pending lawsuit and that a settlement of

[Markowitz's] criminal case would more easily [be] accomplished without the pendency of [the] Federal lawsuit." Curbo Aff. at 4 (D. Ct. Docket No. 7). On May 30, 2003, the district court granted Markowitz's request to dismiss the suit voluntarily and without prejudice.

On May 31, 2003, Charles Curbo, Markowitz's attorney at the time, "personally mailed a copy" of the notice of voluntary dismissal "as well as . . . a copy of the original complaint" to both officers care of "the City of Memphis Police Department Court Coordinator Unit . . . by postage prepaid first class United States mail." *Id.* at 3–4 (D. Ct. Doc. No. 8); *see also id*. at 5 (same); Mem. Supp. Opp'n. Summ. J. at 6 (D. Ct. Doc. No. 8) ("[A] copy of the notice of dismissal, the complaint, and a copy of the proposed order of dismissal was mailed to these Defendants, properly addressed and stamped."). These materials "were not returned by the postal service." *Id*. at 4. The officers, however, claim that they never received a copy of the complaint or the notice of the voluntary dismissal.

On June 1, 2004, Markowitz sued the officers again, alleging the same claims as before. The officers argued, and the district court found, that the statute of limitations barred the second lawsuit, because Markowitz was not entitled to the benefit of Tennessee's savings statute. Although counsel represented Markowitz in the district court, Markowitz is representing himself on appeal, where we give fresh review to the district court's grant of summary judgment to the officers. *See Flaskamp v. Dearborn Pub. Schs*, 385 F.3d 935, 940 (6th Cir. 2004).

II.

"In addressing the timeliness of a federal constitutional damages action, 'the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.'" *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)). Here, the parties agree, Tennessee's one-year limitations period for personal-injury actions governs Markowitz's § 1983 and § 1985 claims. *See* Tenn. Code Ann. § 28-3-104(a); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). And here, the parties also agree, Tennessee law governs "[n]ot only the length of the limitations period, but also 'closely related questions of tolling and application.'" *Harris*, 422 F.3d at 331 (quoting *Garcia*, 471 U.S. at 269).

Among the Tennessee provisions bearing on the statute-of-limitations question is Rule 3 of the Tennessee Rules of Civil Procedure, which provides that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court" and that "[a]n action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved." Tenn. R. Civ. P. 3 (2004). Under this provision, Markowitz "commenced" his action by filing his first complaint on January 30, 2003. Rule 3 goes on to say that "[i]f process . . . is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process." *Id*. Markowitz does not claim that he

- 4 -

"continue[d] the action by obtaining issuance of new process," but he does claim that Tennessee's saving statute nonetheless redresses the problem.

The savings statute provides that "[i]f the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest." Tenn. Code Ann. § 28-1-105(a). So far, it would seem, so good: Under Rule 3, Markowitz "commenced" his "action" "within" the applicable one-year "statute of limitation," and when he voluntarily dismissed his action on May 30, 2003, the court "rendered" "judgment . . . against" Markowitz "upon" a "ground not concluding [his] right of action" by dismissing the suit without prejudice. The catch, however, is whether Markowitz adhered to the procedures for voluntarily dismissing or, as some say, nonsuiting his case. According to the Tennessee Supreme Court, "a plaintiff may request a voluntary dismissal within the one-year time period under Rule 3, without having served process, and still rely on the original date of commencement to satisfy a statute of limitations if the plaintiff" complies with Rule 41.01, which governs the procedure for voluntarily dismissing lawsuits. *Frye v. Blue Ridge Neuroscience Ctr.*, 70 S.W.3d 710, 711 (Tenn. 2002).

Rule 41.01 provides that "the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that

party." Tenn. R. Civ. P. 41.01. Accordingly, to save his lawsuit, Markowitz must have "serve[d] a copy of the Notice of Voluntary Dismissal and the complaint on the [officers] as required by Rule 41.01." *Frye*, 70 S.W.2d. at 711.

Markowitz and the officers do not contest anything we have said so far. What they dispute is the meaning of the Tennessee Supreme Court's statement that a plaintiff must "*serve*[] a copy of the Notice of Voluntary Dismissal and the complaint on the defendant as required by Rule 41.01." *Id.* (emphasis added). Does it mean, as the officers contend, "that since no process had previously been served upon them, to comply with Rule 41.01 service by mail should have been according to Rule 4.04(10) of the Tennessee Rules of Civil Procedure"? Officers Br. at 10. If so, Markowitz is out of luck, because Rule 4 (entitled "Process") says that when serving summonses and complaints on defendants "within the State," "[s]ervice by mail . . . upon a defendant may be made by . . . the plaintiff's attorney" but that the attorney "shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by *registered return receipt or certified return receipt mail* to the defendant[s]." Tenn. R. Civ. P. 4.04(10) (emphasis added). Yet Markowitz's attorney swore that he mailed the materials "by postage prepaid first class United States mail," *not* registered or certified return receipt mail, Curbo Aff. at 4 (D. Ct. Docket No. 8).

Or does it mean, as Markowitz contends, that such service merely has to comply with the requirements of Rule 5 of Tennessee's Rules of Civil Procedure? If so, Markowitz is entitled to the benefit of the savings statute, because Rule 5 (entitled "Service and Filing of Pleadings and Other Papers") says that "[s]ervice upon the attorney or upon a party shall be made by . . . mailing it to

such person's last known address," and that "[s]ervice by mail is complete upon mailing." Tenn. R. Civ. P. 5.02.

After the district court issued its decision in this case, the Tennessee Court of Appeals issued an opinion that provides helpful guidance in resolving this intricate question of state law. The plaintiff in *Boone v. Morris*, No. M2002-03065-COA-R3-CV, 2004 Tenn. App. LEXIS 644 (Tenn. Ct. App. Oct. 6, 2004), like Markowitz, filed his first suit within the one-year limitations period but did not serve process on the defendants. He voluntarily dismissed the case, then filed a second, similar lawsuit more than one year after his cause of action arose. As in this case, the plaintiff "provided the affidavit of his prior attorney to the effect that he had sent the original defendants a copy of the notice of voluntary dismissal, the order, and the original complaint through the mail." *Id*. at *6. At issue in that case thus was the same argument presented here: "The defendants argued that Plaintiff's service pursuant to Tenn. R. Civ. P. 5.02 did not comply with Rule 41.01 because that rule required service under Tenn. R. Civ. P. 4." *Id*. at *7–8. In resolving this question, the court interpreted *Frye* and Rule 41.01 to mean that "'service' under Tenn. R. 41.01 means service under Tenn. R. Civ. P. 5, not service of process under Tenn. R. Civ. P. 4." *Id*. at *1–2.

As a federal court sitting in diversity, our job is to "predict what the [Tennessee] Supreme Court would do if confronted with the same question." *Himmel v. Ford Motor Co.*, 342 F.3d 593, 598 (6th Cir. 2003). When the highest court in the State has not resolved the question, we must consider intermediate state appellate court decisions, which "may not be disregarded unless we are convinced by other persuasive data that the highest court of the state would decide otherwise."

*Lawler v. Fireman's Fund Ins. Co.*, 322 F.3d 900, 903 (6th Cir. 2003) (internal quotation marks and brackets omitted); *see also Kirk v. Hanes Corp.*, 16 F.3d 705, 707 (6th Cir. 1994) (requiring a "strong showing" that the highest court in the state would rule otherwise to ignore an intermediate appellate decision) (emphasis removed).

*Boone* is an intermediate Tennessee appellate court decision, and while it is unpublished, its reasoning is sound. The court noted that "[t]he Rules of Civil Procedure use the terms 'serve' and 'service' to describe delivery of pleadings, orders, and other documents that are produced throughout the course of litigation. The use of either word does not automatically implicate the procedural requirements set out in Tenn. R. Civ. P. 4; to the contrary, 'serve' generally refers to the less strict requirements in Tenn. R. Civ. P. 5." *Boone*, 2004 Tenn. App. LEXIS 644 at *15–16 (citing Tenn. R. Civ. P. 5.01, 12.01, 27.01(2), 30.02, 33.01, 56.04). On the other hand, it explained, Rule 4 is concerned with "Process," namely serving "the document, usually a summons, that brings the defendant before the court, asserts the court's jurisdiction over the case, and requires the defendant to respond." *Id.* at *16 (footnote omitted). And the "provision[s] of Tenn. R. Civ. P. 4 that deal with service apply only to service, or delivery, of the leading process, the summons (along with copies of the complaint)." *Id.* at *17. Because "Tenn. R. Civ. P. 41.04," which "requires that specific documents be served on defendants," does not "include[]" "[a] summons" as "one of th[ose] documents," and because it "does not require that a nonsuiting plaintiff have a summons or leading process issued on the complaint he or she has just dismissed," the court concluded that "there is no process to be served, and the provisions of Tenn. R. Civ. P. 4 relating to service of process do not

apply." *Id.* at *17–18 (citing *Frye*, 70 S.W.3d at 716 ("This is not technically service because a summons is not served on the defendant at this time.")); *see also id*. at *18 ("Additionally, the rule does not specifically state that the requirements for service of process in Rule 4 apply, as is clearly stated in other rules. *See, e.g.*[,] Tenn. R. Civ. P. 5.01."); *id*. at *18–19 ("As the [Tennessee] Supreme Court stated, delivery of the notice of dismissal and the original complaint is intended to provide the defendants with notice of the original action and its dismissal and notice that the plaintiff may commence another action within one year; the purpose is not to require the defendant to appear and answer the dismissed complaint. The Rules of Civil Procedure do not require that notices be served like process; they serve different functions."); *see also Kendall v. Vanderbilt Bill Wilkerson Ctr.*, No. M2004-00993-COA-R3-CV, 2005 Tenn. App. LEXIS 348 (Tenn. Ct. App. June 13, 2005) ("Tenn. R. Civ. P. 41.01 requires a plaintiff who files a notice of voluntary dismissal to serve a copy of the notice on all parties. It further provides that if a defendant has not been served with the summons and complaint, the plaintiff must also serve a copy of the complaint on the defendant. In such cases, however, the plaintiff need not obtain formal service of process on the defendant as Tenn. R. Civ. P. 4 requires. Service pursuant to Tenn. R. Civ. P. 5.02 is sufficient.") (citing *Boone*, 2004 Tenn. App. LEXIS 644 at *19).

The officers say that even if Tennessee law required Markowitz only to comply with Rule 5, he has not done so because under that rule "the notice must be sent to the person's last known address or left at the clerk's office if there is no last known address." Officers Br. at 11. Because, they say, "the police court coordinator's office has not been shown to be the last known address of

the Defendants" and because "[i]t obviously is not their place of abode," the service did not comply with Rule 5. *Id.* But this argument misapprehends Rule 5. That rule states that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made *upon the attorney* unless service upon the party is ordered by the court." Tenn. R. Civ. P. 5.02 (emphasis added). The officers have not indicated that the court ordered service upon them as parties instead of upon their attorneys, so their position that Markowitz needed to serve them at "their place[s] of abode" is unsupported by Rule 5. And, indeed, they have not provided us with any authority supporting their interpretation of the rule.

III.

For these reasons, we reverse and remand the case to the district court for further proceedings consistent with this opinion.