IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Brief October 8, 2008

# ERIC WALLACE v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

### Appeal from the Chancery Court for Davidson County
No. 07-1355-III     Ellen Hobbs Lyle, Chancellor

No. M2007-02862-COA-R3-CV - Filed June 25, 2009

Petitioner seeking review of disciplinary action taken by warden of prison appeals the dismissal of his petition for writ of certiorari. Finding the trial court did not err, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Eric Wallace, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter, Michael E. Moore, Solicitor General, Jennifer L. Brenner, Assistant Attorney General, Nashville, for the appellee, Tennessee Department of Corrections.

**MEMORANDUM OPINION**[1]

Petitioner, an inmate at the Whiteville Correctional Facility, appealed to the warden of the facility the decision of the prison disciplinary board finding him guilty of falsifying a document, issuing him a disciplinary warning, dismissing him from his job and issuing restrictions to be placed upon the next job he received. The warden affirmed the decision of the disciplinary board.

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Petitioner thereafter filed a Petition for a Common Law Writ of Certiorari in Davidson County Chancery Court.

The Department of Corrections filed a motion to dismiss the petition on the grounds that the petition was not filed within the sixty-day limitation period at Tenn. Code Ann. § 27-9-102; the petition was not properly verified; and that Petitioner did not state that this was his first application for the writ, as required by Tenn. Code Ann. § 27-8-104(a). Finally, the Department asserted that, pursuant to Tenn. Code Ann. § 41-21-803, venue was not proper in Davidson County Chancery Court and the court lacked jurisdiction.

The trial court granted the motion based on the failure of Petitioner to properly verify the petition in accordance with Tenn. Code Ann. § 27-8-106. The court declined to rule on the other grounds of the motion to dismiss. Petitioner appeals to this court.

## I. Discussion

The dismissal of an action for failure to state a claim presents a question of law for the trial court; accordingly, our review of the trial court's determination is *de novo*, with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Center, P.C.*, 70 S.W.3d 710, 713 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

The common law writ of certiorari is "the proper procedural vehicle through which prisoners may seek review of decision by prison disciplinary boards.". . . *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003). State constitutional and statutory provisions exist setting out the requirements that must be satisfied when filing a common law writ of certiorari.

Tenn. Const. Art. VI, § 10 states:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*. (Emphasis added).

Substantially the same language appears in Tenn. Code Ann. § 27-8-104(a). In addition to the requirement that the petition be verified, Tenn. Code Ann. § 27-8-106 requires that the petition "*shall* state that it is the first application for the writ." (Emphasis added).

The petition was not verified, as required by Tenn. Const. Art. VI, § 10 and Tenn. Code Ann. § 27-8-104(a); neither does it comply with Tenn. Code Ann. § 27-8-106. Failure to comply with these constitutional and statutory provisions constitutes grounds for dismissal of the petition. *Bowling v. Tenn. Bd. Of Paroles,* 2002 WL 772695 at *2 (Tenn. Ct. App. Apr. 30, 2002); *Hughes v. NECX Disciplinary Bd. Members,* 2006 WL 656789 at *3. The trial court did not err in dismissing the petition.

Petitioner asks that he be held to "less stringent standards than pleading draft by formal lawyers" because he is not a lawyer and is representing himself. The fact that petitioner is representing himself does not excuse him "from complying with the same applicable substantive and procedural law that represented parties must comply with," *Hughes* 2006 WL 656789 at *3 (citing *Bowling* 2002 WL 772695 at *3). Moreover, the failure to properly verify the petition is not a mere failure of the pleading; it is the failure to comply with the constitutional and statutory provisions that gives the court the power to issue the writ of certiorari.

For the foregoing reasons, we affirm the judgment of the trial court. We remand the case to the trial court for the collection of costs assessed in that court. Costs of this appeal are assessed to petitioner, Eric Wallace.[2]

_____
RICHARD H. DINKINS, JUDGE

---

[2] On May 6, 2009, this court issued an order requiring appellant to either pay the full amount of the litigation tax required by Tenn. Code Ann. § 67-4-603; comply with Tenn. Code Ann. § 42-21-807 by submitting the required documentation and a partial payment; or show cause why this appeal should not be dismissed. He has not responded to the order. Our issuance of this opinion renders the requirements of the May 6 order moot.