IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 13, 2009 Session

## ALICE L. WARREN v. DAVID E. WARREN

**Appeal from the Circuit Court for Montgomery County**
**No. MC-CC-CV-DV-07-489      Ross H. Hicks, Judge**

**No. M2009-00042-COA-R3-CV - Filed March 3, 2010**

In a divorce action, Wife appeals the trial court's division of the marital estate, its determination of her income for child support purposes, and its division of the parties' income tax liabilities. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Larry B. Watson, Clarksville, Tennessee, for the appellant, Alice L. Warren.

Thomas R. Meeks, Clarksville, Tennessee, for the appellee, David E. Warren.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

David Warren ("Husband") and Alice Warren ("Wife") were married in 1998. Wife filed for divorce on May 24, 2007. Husband is a licensed electrician, and after the parties married, they opened and operated the family business of Warren Electric. Warren Electric was successful, earning gross receipts of $531,682 and $400,182 in 2006 and 2007, respectively. The parties also owned and operated another, less successful business, ALW Contractors.

At a pretrial hearing on August 15, 2007, the court addressed the fact that Husband withdrew $200,000 from the parties' joint account when they separated in May 2007. At the time of the hearing, $30,200 was owed to the IRS on the parties' quarterly estimated taxes.

The court therefore ordered Husband to pay the IRS $30,200 and deliver $85,000 to Wife within forty-eight hours of the hearing to compensate her for her half of the $200,000 he withdrew.

The court issued its final divorce decree on August 27, 2008.[1]  In dividing the marital estate, the court first addressed the parties' marital home on Smith Road.  The court ordered Husband to pay Wife $27,500 for all her legal interest in their marital home.  Upon payment, Wife was ordered to execute a quit claim deed conveying any and all of her legal interest in the home to Husband.

The court then addressed the equitable division of Warren Electric, real property on Louise Road, and the income from ALW:

- The court found that the real estate owned by the parties at Louise Road had a value of $67,500.
- Based on expert testimony, the court valued Warren Electric at $50,000 and determined that ALW had no value.  However, the ALW account had earnings of $43,000, which had been received by Wife.
- Husband was entitled to one-half of the $43,000 earnings from ALW, or $21,500.
- The combined value of Warren Electric and the Louise Road property was $117,500.  Thus, each party was entitled to $58,750 for those assets.
- Wife's share of the parties' tax liability was $8,287.
- The court ordered the Louise Road property to be sold (for not less than $67,500) and Wife be awarded $30,000 from the sale in lieu of her interest in Warren Electric and her share of the Louise Road property.
- The court ordered that Husband be awarded Warren Electric and the balance of the Louise Road property proceeds.
- Husband was ordered to pay Wife's $8,287 tax liability.

For the purpose of determining child support, Husband's annual income was determined to be $146,000 and Wife's was determined to be $43,000.  Accordingly, Husband was ordered to pay Wife child support in the amount of $1,075 per month.

---

[1] Much of the focus during trial concerned the care and parenting responsibilities of the parties' minor child.  Aside from child support obligations, these issues are not the subject of this appeal.

STANDARD OF REVIEW

The trial court's findings of fact are reviewed de novo on the record, with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Conclusions of law are reviewed de novo with no presumption of correctness. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 712 (Tenn. 2002).

ANALYSIS

Wife challenges the trial court ruling on three issues on appeal—the equitable division of the marital property, the determination of her income for child support purposes, and the division of the parties' income tax liabilities.

Equitable Division of Marital Property

Wife first takes issue with the trial court's division of the marital estate. Tenn. Code Ann. § 36-4-121 governs the distribution of marital property. After classifying the property of a divorcing couple, the trial court is charged with equitably dividing the marital property. "Dividing a marital estate is not a mechanical process but rather is guided by considering the factors in Tenn. Code Ann. § 36-4-121(c).[2] Trial judges have wide latitude in fashioning an

---

[2] Tenn. Code Ann. § 36-4-121(c) instructs the court to consider all relevant factors in making an equitable division of marital property, including the following:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

(7) The estate of each party at the time of the marriage;

(continued...)

equitable division of marital property, and appellate courts accord great weight to a trial judge's division of marital property." *Kinard v. Kinard*, 986 S.W.2d 220, 230-31 (Tenn. Ct. App. 1998) (citations omitted). Thus, "we are disinclined to disturb the trial court's decision unless the distribution lacks proper evidentiary support or results from some error of law or misapplication of statutory requirements and procedures." *Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. Ct. App. 1996) (citing *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994)). More specifically, "we will ordinarily defer to the trial judge's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) or is not supported by a preponderance of the evidence." *Kinard*, 986 S.W.2d at 231.

The trial court stated its intention that the parties "split their [marital] assets in a 50/50 fashion." The following summarizes the court's distribution of the parties' assets and obligations:

- Husband was awarded Warren Electric, valued at $50,000.
- Wife was awarded ALW, which the court found had no value.
- The parties were ordered to split evenly the $43,000 from ALW's earnings.
- Husband was awarded the marital home and ordered to pay Wife $27,500 for her interest in the home.
- The court ordered the sale of the Louise Road property for not less than $67,500. Wife was awarded $30,000 from the sale, and Husband received the balance.
- Wife was awarded a boat and trailer, a convertible, a pick-up truck, a dune buggy, and a dirt bike. Husband was awarded a sports car, a sport utility vehicle, a motorcycle, and a dune buggy.
- Husband was ordered to pay Wife's tax liability of $8,287.
- Husband was ordered to pay all taxes owed on the parties' 2007 tax return.
- Husband was ordered to pay Wife's attorney fees in the amount of $6,000.

---

[2](...continued)
(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

Wife alleges that the court's division of the marital estate was not equitable for a multitude of reasons.[3]

Wife first asserts that the division of marital property was unfair because Husband was "left with all the future earnings" of Warren Electric, while she has "little to no vocational experience" and her "effort to become employed was unsuccessful." We first note that Wife did not ask to be awarded Warren Electric and acknowledged that the business would have little value without Husband. Additionally, Wife's assertion that she has "little to no vocational experience" is inaccurate. Wife has a contractor's license, and she detailed her personal involvement and work experience with Warren Electric at trial. Wife estimated that she spent "two years out in the field . . . practically every day" and approximately two more years thereafter doing non-manual labor for the company. Furthermore, Wife explained at trial that she had "inquired with" only four to six employers about electrical laborer positions. We find the court's award of Warren Electric to Husband to be consistent with the statutory factors and supported by a preponderance of the evidence.

Wife also questions the valuation of Warren Electric. She insists that the trial court valued ALW and Warren Electric similarly—ALW for $43,000 and Warren Electric for $50,000—dismissing any measure of Warren Electric's value as a going concern. Wife's assertion is incorrect. First, the court assigned Warren Electric a value of $50,000 over Husband's insistence that it was primarily based on his own skill and workmanship and actually had no value. Instead, the court determined at trial that Warren Electric had approximately $20,000 worth of equipment and then specifically added to that amount "for its value as an ongoing business." Additionally, the court did not value ALW at $43,000; the court specifically found that ALW had no value. Rather, the court divided equally between the parties the $43,000 worth of earnings that was in the ALW account in 2007 and had been received by Wife.

Wife also challenges the court's decision to award Husband half of ALW's $43,000 earnings from 2007. Wife believes this is particularly inequitable since she did not receive half of the $146,000 earned from Warren Electric in 2007. "A division is not rendered inequitable simply because it is not precisely equal, or because each party did not receive a share of every piece of marital property." *Kinard*, 986 S.W.2d at 230 (citations omitted). Rather, the division of a marital estate is guided by consideration of the factors of Tenn. Code Ann. § 36-4-121(c). One of these factors is the "contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property." By all accounts, Husband was the primary force behind the success of Warren

---

[3] Husband correctly points out that Wife did not comply with Tenn. Ct. App. R. 7(a) in that she failed to include with her appellate brief a table listing "all property and debts considered by the trial court."

Electric. At trial, the parties' accountant, who had done their taxes from 2005 to 2007, agreed with the assertion that Warren Electric would be worth nothing if awarded to Wife and that it would continue to make several hundred thousand dollars a year if awarded to Husband. Two contractors for whom Husband and Wife had done work testified that they would not utilize Warren Electric if Husband was not associated with it. Additionally, in dividing the marital estate, the court did not fail to consider Wife's interest in Warren Electric as Wife suggests. To the contrary, the court specified that she would be awarded $30,000 from the sale of the Louise Road property "in lieu of [her] interest in Warren Electric and her share of Louise Road property."

It is evident that the trial court's goal was to achieve, as far as possible, an equitable division of the marital estate. Our consideration of the overall property division, guided by a consideration of the facts of this case in light of the relevant statutory factors, leads us to conclude that the trial court achieved its goal.

Wife's Income for Child Support Purposes

Wife disputes the trial court's finding that, for purposes of child support, her annual income was $43,000. Wife asserts that such a finding is not supported by the record and conflicts with Tennessee's Child Support Guidelines. Instead, Wife claims that she had no earned income because she did not work after the parties' separation.

The initial determination and later modification of a child support order is governed by Tenn. Code Ann. § 36-5-101. Tenn. Code Ann. § 36-5-101(e)(1)(A) instructs the trial court to apply the Child Support Guidelines, as set forth in the rules and regulations of the Department of Human Services, as a rebuttable presumption in determining the amount of child support. *See* Tenn. Comp. R. & Reg. § 1240-2-4-.01(1). Even with the adoption of the Child Support Guidelines, trial courts retain a certain amount of discretion in their decisions regarding child support, which decisions we review under an abuse of discretion standard. *Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005). A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001).

The Child Support Guidelines stipulate that the "Child Support Schedule is based on the combined Adjusted Gross Income of both parties." Tenn. Comp. R. & Reg. § 1240-2-4-.03(6)(b)(1). Gross income includes "all income from any source," including but not limited to wages, salaries, and income from self-employment. Tenn. Comp. R. & Reg. § 1240-2-4-.04(3)(a)(1). "Income from self-employment includes income from, but not limited to, . . .

work as an independent contractor or consultant . . . ." Tenn. Comp. R. & Reg. § 1240-2-4-.04(3)(a)(3)(i).

The trial court concluded that the best evidence to rely upon for calculation of child support was the parties' 2007 income. The Child Support Guidelines suggest that tax returns are a proper means of determining adjusted gross income in their description of the process for imputing income when there is no reliable evidence of income:

I.      If a parent fails to produce reliable evidence of income (*such as tax returns for prior years* . . .); and

II.     The tribunal has no reliable evidence of the parent's income or income potential;

III.    Then in such cases, gross income for the current and prior years shall be determined by imputing gross income . . . .

Tenn. Comp. R. & Reg. § 1240-2-4-.04(3)(a)(2)(iv)(I) (emphasis added). Thus, for purposes of child support, the court determined that Wife's annual income was $43,000 and Husband's was $146,000.[4] Both parties agree that the $43,000 figure representing Wife's 2007 income was derived from the sale of two houses by ALW. The trial court concluded that Wife "essentially liquidated ALW, and she got the benefit of that liquidation," half of which was owed to Husband.

We conclude that the trial court did not abuse its discretion in using this figure to assess Wife's income for purposes of determining child support. The Child Support Guidelines specify that the child support schedule is based on the combined adjusted gross income of both parties, and the parties' 2007 income tax return was the logical instrument upon which to base a determination of income.

### Division of Income Tax Liabilities

Wife challenges the trial court's division of the parties' income tax liabilities in its August 15, 2007 order concerning Husband's withdrawal of $200,000 from the parties' joint account in 2007. In that order, the trial court directed Husband to pay the IRS $30,200 in

---

[4] The parties' 2007 joint income tax return reports their adjusted gross income as $170,193. However, the parties filed separate "Schedule C (Form 1040)" worksheets for Warren Electric and ALW, which determine "profit or loss from business" for sole proprietorships. Husband was listed as the proprietor of Warren Electric, and Wife was listed as the proprietor of ALW. In 2007, these worksheets reflect a net profit of $140,485 for Warren Electric and a net profit of $43,157 for ALW. It is these figures upon which the trial court appears to have based its determination of income.

taxes the parties owed and to pay Wife $85,000 for the balance of the $100,000 she was rightfully owed. Wife asserts that the $30,200 outstanding tax debt was "due on new 2007 earnings in the family business, Warren Electric," and because she received no income from Warren Electric's $146,000 earnings in 2007, she should not have to pay any taxes on it.

First, it is unclear whether the $30,200 tax was on Warren Electric exclusively. The trial court specified only that the $30,200 was in "payment of quarterly taxes," and Wife neglected to include a transcript of the August 15, 2007 hearing where this issue was determined by the court. Furthermore, in support of her assertion, Wife reverts back to the issue of the court's equitable division of the marital estate, insisting that each party should have received equal portions of Warren Electric's $146,000 income and ALW's $43,000 income from 2007. For reasons we have already discussed, we find the court's division of the marital property to be equitable in light of the facts of this case and the relevant statutory factors. We likewise conclude that the court's division of the $30,200 tax liabilities and the $200,000 from the parties' joint account was fair and equitable under the circumstances.

CONCLUSION

The decision of the trial court is affirmed. Costs of appeal are assessed against the appellant, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE