IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

## JAMES WATRY v. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, AN ILLINOIS CORPORATION

Appeal from the Circuit Court for Davidson County
No. 10C3628     Barbara N. Haynes, Judge

No. M2011-00243-COA-R3-CV - Filed December 28, 2011

Insured was injured by an automobile driven by an uninsured motorist. Insured filed a claim with Insurer seeking uninsured motorist coverage benefits and settled for an amount that was less than his actual damages. Insured then sued Insurer seeking damages for fraudulent misrepresentation, breach of contract, and violation of the Tennessee Consumer Act. Insurer filed a motion for judgment on the pleadings which the trial court granted. We affirm the trial court's judgment because Insured failed to allege sufficient facts to support any of his causes of action.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Robert L. Whitaker, Brentwood, Tennessee, for the appellant, James Watry.

Alan Sowell, Nashville, Tennessee, for the appellee, Allstate Property and Casualty Company, an Illinois Corporation.

## OPINION

### I. BACKGROUND

James Watry suffered injuries from an automobile accident with Richard Dewayne Davenport on March 2, 2009. Mr. Davenport drove into Mr. Watry's automobile, causing him to suffer damages. The police report stated:

As Mr. Watry got out of his truck, he saw Davenport turn his wheel hard and almost run over a bystander. Davenport narrowly missed the bystander but then struck Mr. Watry with the front end of his truck. Davenport's truck drove up the front of Mr. Watry's left leg leaving tire marks, and slamming Mr. Watry to the ground by the force of the vehicle.

Mr. Watry had an automobile insurance policy with Allstate Property and Casualty Company ("Allstate") that included uninsured motorist coverage with policy limits of $100,000 per person. Mr. Davenport was uninsured and was operating an uninsured automobile, as that term is used in the insurance policy.

Mr. Watry asserted his damages resulting from the accident totaled $32,207.30 in medical bills and expenses for necessary and reasonable medical services and $3,000 in lost income. Allstate sent Mr. Watry a letter dated June 9, 2009, which stated the following:

This letter is to confirm our offer of settlement for James Watry's injury claim. Our total offer is $25,500.00. The medical bills considered in this settlement came to $24,512.00. We did subtract all bills related to the nasal fracture as we do not see that this was part of the "auto accident." That reduced the hospital bill from $25,409.82 to $19,833.00. We also paid $5,000.00 to the hospital under the Medical Payments coverage which reduced the total amount of bills owed to $19,512.00.

I have sent you the information from BCBS and I have to pay their subrogation of $1,363.09. After I pay the subrogation demand out of the $25,000.00, this would leave a balance of $24,136.91 that would be payable to you. You would be responsible for any bills out of this settlement.

Mr. Watry entered into a Receipt and Release with Allstate (the "Release") on September 22, 2009, in which he agreed to accept $29,512 in full satisfaction of his claim for coverage against Allstate. The Release included the following language:

In consideration of the payment of Twenty Nine Thousand Five Hundred Twelve Dollars ($29,512.00) by Allstate Property and Casualty Insurance Company, the undersigned hereby forever releases and discharges the Allstate Property and Casualty Insurance Company from any and all liability and from and all contractual obligations whatsoever under the bodily injury Coverage of Policy No. 000935917077 issued to JAMES WATRY by the Allstate Property and Casualty Insurance Company, and arising out of bodily injury, sustained by me due to an accident on or about the 2nd day of March, 2009.

Following his execution of the Release and receipt of the settlement proceeds, Mr. Watry filed a Complaint against Allstate in which he asserted the following causes of action: fraudulent misrepresentation, breach of contract, and violation of the Tennessee Consumer Protection Act. Allstate filed an Answer and asserted as an affirmative defense that Mr. Watry's Complaint failed to state a claim upon which relief could be granted.

Allstate filed a Motion for Judgment on the Pleadings pursuant to Tennessee Rule of Civil Procedure 12.03, which the trial court granted. The trial court wrote:

> After statement of counsel for the parties and, in consideration for the entire record, the Court is of the opinion the Motion was well taken and granted same.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Judgment on the Pleadings is hereby granted and this matter dismissed.

Mr. Watry appealed the trial court's judgment dismissing his claims. On appeal Mr. Watry claims the trial court erred in dismissing his Complaint because he alleged sufficient facts to withstand a motion for judgment on the pleadings.

## II. ANALYSIS

### A. Standard of Review

The standard of review on a motion for judgment on the pleadings is as follows:

> In reviewing a trial court's grant of judgment on the pleadings under Rule 12.03 of the Tennessee Rules of Civil Procedure, we construe the complaint in favor of the plaintiff "by taking all factual allegations in the complaint as true and by giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 352 n.1 (Tenn. 2008) (citing *Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007); *Cherokee Country Club, Inc. v. City of Knoxville*, 152 S.W.3d 466, 470 (Tenn. 2004)). Conclusions of law are not admitted and judgment on the pleadings should not be granted "unless the moving party is clearly entitled to judgment." *Cherokee Country Club, Inc.*, 152 S.W.3d at 470 (Tenn. 2004) (quoting *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991)). This determination is a question of law, and we review the trial court's conclusions of law de novo with no presumption of

correctness. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 713 (Tenn.2002) (citing *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993)); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000) (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)).

*Duffer v. Lawson*, 2010 WL 3488620, at *4 (Tenn. Ct. App. Sept. 3, 2010)(quoting *Harman v. Univ. of Tenn.*, 2010 WL 2432049, at *2 (Tenn. Ct. App. June 16, 2010)).

**B**. **Mr. Watry failed to state a Claim for Fraudulent Misrepresentation**.

An actionable claim for fraudulent misrepresentation must state (1) the defendant intentionally misrepresented a material fact, (2) the defendant knew the representation was false, (3) the plaintiff reasonably relied on the representation, (4) the misrepresentation involved a past or existing fact, and (5) the plaintiff was damaged by relying on the representation. *Henderson v. SAIA*, 318 S.W.3d 328, 338 (Tenn. 2010) (citing *Walker v. Sunrise Pontiac-GMC Truck*, 249 S.W.3d 301, 311 (Tenn. 2008)); *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 40 (Tenn. Ct. App. 2006) (citing *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992)).

Additionally, Rule 9.02 of the Tennessee Rules of Civil Procedure requires the following:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

In his Complaint, Mr. Watry alleges the following in support of his fraudulent misrepresentation claim:

> 14.    Defendant Allstate, by and through its authorized representatives, employees and agents, after receiving Plaintiff's medical records and bills and other documentation, which were part of Plaintiff's U.M. Claim referred to hereinabove, offered Plaintiff a total settlement of only $25,500.00. . . .  This settlement offer was less than Plaintiff's medical expenses incurred as a direct and proximate result of the incident.

> . . . . .

> 20.  Defendant Allstate, by their letter of June 9, 2009, and other acts and omissions schemed, contrived, planned and designed to exert pressure upon

Plaintiff to settle Plaintiff's U.M. Claim for an amount vastly below the reasonable and fair value of said claim and to misrepresent the full extent of coverage under The Policy applicable to Plaintiff's U.M. Claim.

21. Thereafter, Allstate, by and through their authorized representatives, and in furtherance of their scheme to deprive Plaintiff of the full and fair value of Plaintiff's U.M. Claim, represented to Plaintiff and his spouse Cathy Watry that Plaintiff was only entitled to $5,000.00 for all his general damages under the Policy.

22. Plaintiff, in fear of collection efforts by Skyline Medical Center for their $25,000.00 plus in medical bills, and reasonably believing that the representations made to Plaintiff by Allstate, by and through their authorized representatives, were true and based upon a good faith evaluation of Plaintiff's U.M. Claim, Plaintiff accepted Defendant Allstate's offer of $29,512.00 and signed an "ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY RECEIPT AND RELEASE UNDER UNINSURED MOTORIST INSURANCE – COVERAGE SS SUBROGATION AGREEMENT".

. . . . .

24. Plaintiff was, in fact, induced to sign The Release due to the fraudulent misrepresentations of fact by ALLSTATE, by and through their authorized representatives, as described herein, which were statements, both written and oral, of existing or past material facts, made with knowledge of its falsity or with reckless disregard for the truth.

25. As a direct and proximate result of the fraudulent misrepresentations of Defendant ALLSTATE, by and through their authorized representatives, Plaintiff suffered monetary damages, consequential damages, loss of paid [sic] for monetary benefits under The Policy, costs and general damages all according to proof.

26. The fraudulent misrepresentations of Defendant Allstate, by and through their authorized representatives were wanton, willful and made with knowledge of their falsity or with reckless disregard for the truth wherefore punitive damages are appropriate.

The only representation of material fact Mr. Watry alleges Allstate made is set forth in paragraph 21 of his Complaint: "Plaintiff was only entitled to $5,000.00 for all his general

damages under the Policy." Mr. Watry does not assert that this statement is false or allege that his reasonable reliance on this statement caused him to suffer damages as he must to state an actionable claim for fraudulent misrepresentation. Further, Mr. Watry did not include the declarations portion of his policy with Allstate with his Complaint, so we cannot determine whether the policy is contrary to the representation Mr. Watry alleges Allstate made to him.

Mr. Watry attached as Exhibit B the letter from Allstate to Mr. Watry dated June 9, 2009, in which Allstate set out its offer of settlement. In reviewing this letter, the substance of which is set forth above, we can find no representation that could qualify as a misrepresentation of a material fact. Moreover, Mr. Watry does not contend he relied on any statement of material fact included in the letter.[1]

Mr. Watry has failed to allege sufficient facts in his Complaint in support of his claim for fraudulent misrepresentation. Accordingly, we affirm the trial court's judgment dismissing his claim for fraudulent misrepresentation.

### C. Mr. Watry Failed to State a Claim for Breach of Contract.

The insurance policy Mr. Watry had with Allstate is a contract between Mr. Watry and Allstate. *National Ins. Ass'n v. Simpson*, 155 S.W.3d 134, 138 (Tenn. Ct. App. 2004) (insurance policies are contracts between the insured and the insurer). Mr. Watry asserts the following in connection with his claim for breach of contract:

28. The acts and omissions of Defendant ALLSTATE by and through their authorized representatives constitute material breach of The Policy which is an insurance contract and also constitutes bad faith breach of contract.

29. As a direct and proximate result of the acts and omissions of Defendant as alleged herein, Plaintiff suffered monetary damages, consequential damages and incurred costs, all according the proof.

Mr. Watry states in his brief that he is not alleging a statutory bad faith claim pursuant to Tenn. Code Ann. § 56-7-105. However, "Tennessee does not recognize a general common law tort for bad faith by an insurer against an insured; the exclusive remedy for such conduct is statutory, provided by Tennessee Code Annotated § 56-7-105." *Cracker Barrel Old Country Store v. Cincinnati Ins. Co.*, 590 F. Supp. 2d 970, 972 (M.D. Tenn. 2008) (citing

---

[1]The Release indicates Mr. Watry settled his claim with Allstate for a different (higher) amount than Allstate offered in its June letter in any event.

*Fred Simmons Trucking v. U.S. Fidelity Guar. Co.*, 2004 WL 2709262, at *5 (Tenn. Ct. App. Nov. 29, 2004); *Chandler v. Prudential Ins. Co.*, 715 S.W.2d 615, 619-20 (Tenn. Ct. App. 1986)). In light of Mr. Watry's insistence that he is not stating a statutory bad faith claim, we must assume he is asserting a simple breach of contract claim against Allstate.

To state a claim for breach of contract, Mr. Watry must describe some conduct by Allstate that was inconsistent with one or more provisions of the insurance policy and that he suffered damages as a result. However, Mr. Watry does not allege Allstate violated any terms of its policy in its dealings with him or that it took any actions that contradicted any of its terms. Accordingly, we hold Mr. Watry has failed to state a claim for breach of contract and therefore affirm the trial court's dismissal of his breach of contract cause of action.[2]

### D. Mr. Watry Failed to State a Claim Entitling Him to Relief under the Tennessee Consumer Protection Act.

In support of his claim for violation of the Tennessee Consumer Protection Act, Mr. Watry alleged the following in his Complaint:

32. Pursuant to the Tennessee Consumer Protection Act (TCPA) insurance companies, such as Defendant Allstate may not engage in any "unfair or deceptive act or practice" and/or refuse to pay a claim under the terms of the policy. (See, TCPA Section 47-18-104(b)(27).)

33. Pursuant to the Tennessee Unfair Claims Settlement Act of 2009 (TUCSA) insurance companies, such as Defendant Allstate, must adopt and implement reasonable standards for the prompt settlement of claims arising under its policies (T.C.A. 56-8-105(3).) Defendant ALLSTATE failed and refused to comply with this statute and/or enforce said mandatory standards.

34. Insurance companies, including Defendant ALLSTATE must attempt to effectively prompt, fair and equitable settlement of claims submitted in which liability is reasonably clear (T.C.A. 56-8-105(4).) Defendant ALLSTATE failed and refused, by the acts and omissions alleged herein, to comply with

_____

[2]Mr. Watry cites *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920 (Tenn. 1998), in support of his statement that "Tennessee's Bad Faith refusal penalty statute and its Insurance Trade Practices Act were not exclusive." Mr. Watry is correct that he is permitted to assert a claim against Allstate pursuant to Tennessee's Consumer Protection Act even if he does not assert a statutory bad faith claim against Allstate. *Myint*, 970 S.W.2d at 925-26. However, he cannot assert a common law claim for bad faith breach of contract against Allstate.

said Statute.

35. The acts and omissions of Defendant ALLSTATE, by and through their authorized representatives as alleged herein, constitute violations of the TCPA and TUCSA which directly and proximately caused monetary damages, costs and attorney fees to Plaintiff all according to proof.

In support of his consumer protection claim, Mr. Watry asserts in his brief that he signed a release of his uninsured motorist claim "based upon an adjuster's misrepresentations." However, the only representation Mr. Watry mentions in his Complaint is that Allstate told him he was entitled to no more than $5,000 for his general damages under the policy. Mr. Watry settled with Allstate for $29,512, which is $4,000.00 more than Allstate offered in its June 9 letter. It is not clear from the Release or from the Complaint how much of this, if any, was for "general damages."

Mr. Watry makes conclusory allegations in his Complaint about Allstate's failure to comply with the Tennessee Consumer Protection Act and the Tennessee Unfair Claims Settlement Act, but he fails to allege any particular action Allstate took that could be construed as violating either one of these statutes as required by Tenn. R. Civ. P. 9.02. *See Western Exp. v. Brentwood Services*, 2009 WL 3448747, at \*10 (Tenn. Ct. App. Oct. 26, 2009) (plaintiff must meet particularity requirement of Rule 9.02 when alleging violation of Consumer Protection Act); *see also Myint v. Allstate Ins. Co.*, 970 S.W.2d at 927 (plaintiff's Consumer Protection Act claim was dismissed where plaintiff was unable to show insurer violated terms of policy, deceived the plaintiff about its terms, or otherwise acted unfairly). We question whether Mr. Watry even meets the less stringent pleading standards set forth in Tenn. R. Civ. P. 8.01. *See Western Exp.*, 2009 WL 3448747, at \*10 (plaintiff's vague assertions of the defendant's violation of the Tennessee Consumer Protection statute do not meet the pleading requirements of either Rule 9.02 or Rule 8.01).

Allstate engaged in settlement negotiations with Mr. Watry, and Mr. Watry ended up settling for an amount in excess of the amount Allstate initially offered. Not only has Mr. Watry failed to allege with specificity any act by Allstate that rises to the level of an unfair act or practice as he must to state a claim under the Tennessee Consumer Protection Act, he also fails to allege how he was harmed by anything Allstate allegedly did or said. We therefore hold Mr. Watry has failed to state a claim for which relief may be granted under the Tennessee Consumer Protection Act and affirm the trial court's judgment dismissing this cause of action.

### III. CONCLUSION

For the reasons stated above, we affirm the trial court's judgment granting Allstate's motion for judgment on the pleadings and dismissing Mr. Watry's Complaint. Costs of this appeal shall be taxed to James Watry, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE