# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 5, 2009 Session

## ANDREW CARTER v. QUALITY OUTDOOR PRODUCTS, INC. ET AL.

**Appeal by Permission from the Chancery Court for Madison County**
**No. 65007      James F. Butler, Chancellor**

---

**No. W2009-00855-SC-R9-WC - Filed January 22, 2010**

---

The employee filed suit seeking workers' compensation benefits and provided notice to the employer of his intent to rely at trial on a physician's report generated pursuant to Tennessee Code Annotated section 50-6-235. The employer objected to the introduction of the medical report and notified the employee of its intent to depose the physician pursuant to the same section. The employer moved to exclude the medical report when it was unable to depose the physician. The trial court denied the employer's motion to exclude the physician's report but granted the employer permission to seek an interlocutory appeal. We hold that the physician's unavailability to provide the deposition requested by the employer pursuant to section 50-6-235 renders the physician's written report inadmissible. We further hold that the physician's report is not admissible pursuant to Tennessee Rule of Evidence 804 as an exception to the hearsay rule. Accordingly, we reverse the trial court's ruling and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal by Permission;**
**Judgment of the Chancery Court Reversed**

JANICE M. HOLDER, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK, GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Alex C. Elder, Memphis, Tennessee, for the appellants, Berkley Regional Insurance Company and Quality Outdoor Products, Inc.

Charles L. Hicks, Camden, Tennessee, for the appellee, Andrew Carter.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Joshua Davis Baker, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development, Second Injury Fund.

# OPINION

## Factual and Procedural History

On October 18, 2007, Andrew Carter filed a complaint for workers' compensation benefits against Quality Outdoor Products, Incorporated, Berkley Regional Insurance Company, its workers' compensation carrier (collectively Quality), and the Administrator of the Second Injury Fund of the Tennessee Department of Labor and Workforce Development. Mr. Carter requested workers' compensation benefits for injuries to his back, shoulders, hips, neck, buttocks, and legs that he allegedly sustained on September 8, 2006, and March 21, 2007, while working for Quality. Mr. Carter was treated by five physicians for these injuries. Additionally, on August 22, 2007, Dr. Grafton Thurman examined Mr. Carter for the purpose of providing an independent medical examination and an impairment rating. Following the examination, Dr. Thurman completed a C-32 Standard Form Medical Report for Industrial Injuries (C-32 report). He also provided a written report detailing the results of the examination and assigning Mr. Carter an impairment rating.

On March 25, 2008, Mr. Carter filed a notice of intent to rely on Dr. Thurman's report pursuant to Tennessee Code Annotated section 50-6-235 (2008). He attached to the notice both Dr. Thurman's written report and the C-32 report. Quality timely objected and notified Mr. Carter of its intent to depose Dr. Thurman pursuant to section 50-6-235.

After unsuccessfully attempting to schedule Dr. Thurman's deposition, Quality filed a motion on October 24, 2008, seeking to exclude Dr. Thurman's report. Quality alleged that the defendants had been advised by Mr. Carter's counsel that Dr. Thurman was no longer available to testify "due to illness and/or accident." Quality argued that the report should be excluded because Quality had been unable to exercise its statutory right to cross-examine Dr. Thurman.

The trial court declined to exclude Dr. Thurman's report but granted Quality permission to seek an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We granted appeal and reverse the trial court's decision to admit the evaluating physician's medical report.

Analysis

I.

This appeal requires us to determine whether Dr. Thurman's medical report was properly admitted into evidence pursuant to section 50-6-235(c) of the Workers' Compensation Law. The proper interpretation of this statute presents issues of law, which we review de novo with no presumption of correctness. Perrin v. Gaylord Entm't Co., 120 S.W.3d 823, 826 (Tenn. 2003). Section 50-6-235(c)(1) provides, "Any party may introduce direct testimony from a physician through a written medical report on a form established by the commissioner. . . . All parties shall have the right to take the physician's deposition on cross examination concerning its contents."

In adopting section 50-6-235(c), the General Assembly established an alternative method for introducing medical evidence in workers' compensation cases. Arias v. Duro Standard Prods. Co., No. W2008-02772-SC-R3-WC, __ S.W.3d __ (Tenn. 2010). Section 50-6-235(c)(2) permits the introduction of written medical reports in lieu of a deposition if the proponent of the report notifies the adverse party of the proponent's intent to rely on the report. If the adverse party does not object within ten days after receiving this notice, the report is admissible. Tenn. Code Ann. § 50-6-235(c)(2). If an objection is timely filed, the statute expressly provides that the objecting party "shall depose" the physician. Id. However, the deposition must be taken "within a reasonable period of time or the objection shall be deemed to be waived." Id. If the objection is deemed to be waived, the proponent will be allowed to introduce the report as if no objection had been filed. Id.

In this case, Mr. Carter provided notice of his intent to rely on Dr. Thurman's report, and Quality timely objected. Mr. Carter argues, however, that Quality's objection should be deemed waived because Quality failed to take Dr. Thurman's deposition within a reasonable time. Mr. Carter points out that more than six months elapsed from the time he filed his notice until the time Quality filed its motion to exclude the report. The record in this interlocutory appeal contains little information concerning Quality's efforts to depose Dr. Thurman in the six months following the March 2008 notice. Mr. Carter admits, however, that if Quality had attempted to depose Dr. Thurman at an earlier time, Dr. Thurman would have been unavailable to give his deposition. Because Mr. Carter has not been prejudiced by any delay in Quality's efforts to depose Dr. Thurman, we decline to deem Quality's objection to have been waived.

Having held that Quality did not waive its right to depose Dr. Thurman, we must next determine if Dr. Thurman's unavailability for a deposition requested by Quality precludes the use of the medical report Mr. Carter seeks to introduce into evidence. Our role in

construing statutes is to effectuate legislative intent, not to frustrate it. See Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002). Tennessee Code Annotated section 50-6-235(c)(1) plainly states that "[a]ll parties shall have the right to take the physician's deposition on cross examination" concerning the contents of the report. We therefore hold that a medical report may not be introduced into evidence unless the physician is available to be deposed by the objecting party.

II.

We next consider Mr. Carter's argument that Dr. Thurman's report is admissible pursuant to Tennessee Rule of Evidence 804(a)(4). In Arias, we held that section 50-6-235(c) is not the exclusive means of introducing written reports in workers' compensation cases and that the Tennessee Rules of Evidence may serve as a basis for the admission of such reports.[1] Arias, __ S.W.3d at __. A written medical report is hearsay and is admissible only if it satisfies an exception to the hearsay rule. See Tenn. R. Evid. 801, 802.

Rule 804(a)(4), on which Mr. Carter relies, is not an exception to the hearsay rule. Rather, Rule 804(a) describes the situations in which a witness will be considered unavailable for purposes of the hearsay exceptions provided in Rule 804(b)(1)-(4), (6). In other words, Rule 804 authorizes admission of the medical report only if Mr. Carter establishes both that Dr. Thurman was unavailable, as that term is defined in Rule 804(a), and that the report satisfies one of the exceptions to the hearsay rule for unavailable declarants provided in Rule 804(b).

Mr. Carter has satisfied Rule 804(a)(4) by showing that Dr. Thurman was "unable . . . to testify at the hearing because of the declarant's . . . then existing physical or mental illness or infirmity." Tenn. R. Evid. 804(a)(4). However, Mr. Carter has failed to show that the report also satisfies one of the narrow exceptions provided in Rule 804(b). Dr. Thurman's report is not former testimony. See Tenn. R. Evid. 804(b)(1). Nor is it a statement Dr. Thurman made about the cause or circumstances of his own death while under a belief that his death was imminent. See Tenn. R. Evid. 804(b)(2). Dr. Thurman's report is not a statement against his pecuniary or proprietary interest. See Tenn. R. Evid. 804(b)(3). Nor is it a statement concerning his personal and family history. See Tenn. R. Evid. 804(b)(4).

---

[1] In Arias, we were asked to determine if a physician's report of an independent medical examination not generated pursuant to Tennessee Code Annotated section 50-6-235 was admissible pursuant to Tennessee Rule of Evidence 803(6). We held that the report was not admissible pursuant to Rule 803(6) because the report was generated for the purpose of litigation. Arias, __ S.W.3d at __. The parties have not contended in this case that Tennessee Rule of Evidence 803(6) is applicable.

Finally, the exception for forfeiture by wrongdoing does not apply because the report is not being offered against a party whose intentional wrongdoing procured Dr. Thurman's unavailability. See Tenn. R. Evid. 804(b)(6). Plainly, none of the hearsay exceptions in Rule 804(b) apply to Dr. Thurman's report. We therefore reject Mr. Carter's contention that Rule 804 authorizes admission of Dr. Thurman's report.

Conclusion

We conclude that neither Tennessee Code Annotated section 50-6-235(c) nor Tennessee Rule of Evidence 804 authorizes admission of Dr. Thurman's medical report. We therefore reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion. Costs of this appeal are assessed against the appellee, Andrew Carter, for which execution may issue if necessary.


_____
JANICE M. HOLDER, CHIEF JUSTICE