IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 1, 2012 Session

## CRISTY IRENE FAIR v. STEPHEN LYNN COCHRAN

**Appeal from the Circuit Court for Knox County**
**No. 1-624-09     Dale C. Workman, Judge**

---

**No. E2011-00831-COA-R3-CV-FILED-MARCH 30, 2012**

---

The Trial Court dismissed this case based upon its finding that although plaintiff's Summons was issued the day she filed her Complaint, proof of service was not made to the clerk until 412 days later, and, because plaintiff had failed to comply with Tenn. R. Civ. P. 4, plaintiff was not entitled to rely on Tenn. R. Civ. P. 3 to toll the statute of limitations. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY, J., joined; and CHARLES D. SUSANO, JR., J. dissented.

Michael S. Farley, Clinton, Tennessee, for the appellant, Cristy Irene Fair.

Terrill L. Adkins, Knoxville, Tennessee, for the appellee, Stephen Lynn Cochran.

### OPINION

### Background

Cristy Irene Fair ("Plaintiff") and Stephen Lynn Cochran ("Defendant") were involved in a motor vehicle accident on or about August 6, 2009. Plaintiff filed her Summons and Complaint on December 11, 2009, and the Summons was issued by the Clerk of the Knox County Circuit Court that same day. Proof of service, however, was not returned to the Clerk of the Knox County Circuit Court until January 27, 2011, some 412 days after it was issued. Prior to the proof of service being made to the Clerk, Defendant filed a motion to dismiss arguing there had been no service of the Complaint and Summons on him and that

the applicable statute of limitations had run. After a hearing, the Trial Court dismissed with prejudice Plaintiff's case because proof of service of the original Summons had not been returned until 412 days after issuance and, therefore, the statute of limitations had run. Plaintiff appeals the dismissal of her case.

## Discussion

This case was decided in the Trial Court on a motion to dismiss. Plaintiff argues in her brief on appeal that because the Trial Court "received affidavits in ruling upon the motion to dismiss," the motion should have been treated as one for summary judgment. While we disagree with Plaintiff, the outcome is the same here whether Defendant's motion is treated as a motion to dismiss or as a motion for summary judgment.

In pertinent part, Rule 12 of the Tennessee Rules of Civil Procedure provides that if on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12.02(6) matters outside the pleadings are presented, then the motion shall be treated as one for summary judgment. Tenn. R. Civ. P. 12.02. At the onset, we note that this provision concerning matters outside the pleadings being presented to the trial court pertains to "the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted …," but does not apply to the other enumerated defenses contained in Rule 12.02 such as insufficiency of process or insufficiency of service of process.

While affidavits were received by the Trial Court, nothing in dispute as contained in these affidavits was necessary to the Trial Court's decision to grant the Motion to Dismiss. The affidavits were concerned primarily with whether or not Defendant was given the Summons and Complaint by the process server, when that happened, and why the process server did not make a return of service until some 412 days after the Summons had been issued. While some of those facts are disputed, not one of them is necessary or relevant to the Trial Court's decision to grant Defendant's Motion to Dismiss or to our review of that decision.

The only facts relevant to the resolution of Defendant's Motion to Dismiss are undisputed. More specifically, there is no dispute as to the date of the accident, the date the Summons was issued, and finally, that no return of service was made until 412 days after the Summons had been issued. These are the only facts relevant to our determination as to whether Defendant's Motion to Dismiss was properly granted.

It is immaterial for purposes of resolving Defendant's Motion to Dismiss whether the process server actually presented the Defendant with the Complaint and Summons within 90 days of the issuance of the Summons because it is undisputed that no

return of service was made until 412 days after the Summons had been issued. Given the relevant undisputed facts contained in the record in this case, our resolution of the issue before us as to whether the Trial Court erred in granting Defendant's motion and dismissing with prejudice the Complaint would be the same whether we treated the motion as a motion to dismiss or as a motion for summary judgment. We, however, believe that Defendant's motion is a Motion to Dismiss and will treat it as such.

Our Supreme Court recently gave instruction involving the standard of review to be applied in cases involving motions to dismiss and interpretation of rules of procedure, such as the case now before us, stating:

> The scope of review after the grant or denial of a motion to dismiss involves a question of law. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696-97 (Tenn. 2002). A motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure seeks only to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *See Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. *Id.*; *see also Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). In considering a motion to dismiss, the Court is required to take the relevant and material factual allegations in the complaint as true and to construe liberally all allegations in favor of the plaintiff. *Stein*, 945 S.W.2d at 716; *see also Webb*, 346 S.W.3d at 426 (observing that "Tennessee follows a liberal notice pleading standard, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court" (citation omitted)). Additionally, this Court's review of a trial court's determinations on issues of law is de novo, without any presumption of correctness. *Frye v. Blue Ridge Neuroscience Ctr., P.C.*, 70 S.W.3d 710, 712 (Tenn. 2002); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997).

> This appeal also involves the interpretation of legislation and the application of the Tennessee Rules of Civil Procedure. The construction of statutes and procedural rules are questions of law that are reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009); *see also Carter v. Quality Outdoor Prods., Inc.*, 303 S.W.3d 265, 267 (Tenn. 2010) (citing *Perrin v. Gaylord Entm't Co.*, 120 S.W.3d 823, 826 (Tenn. 2003)). When dealing with statutory interpretation,

well-defined precepts apply. Our primary objective is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). Our obligation is simply to enforce the written language. *Abels ex rel. Hunt v. Genie Indus., Inc.*, 202 S.W.3d 99, 102 (Tenn. 2006). It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. *Parks v. Tenn. Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998). Even though "the rules of civil procedure are not statutes, the same rules of statutory construction apply . . . ." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009) (citing *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004)).

*Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 890 (Tenn. 2011).

Plaintiff asserts in her brief on appeal that the one year statute of limitations applicable to her claim was tolled pursuant to Tenn. R. Civ. P. 3, and, therefore, the Trial Court erred in dismissing her suit. Rule 3 of Tenn. R. Civ. P. provides:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. If process remains unissued for 90 days or is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.

Tenn. R. Civ. P. 3.

The record before us on appeal reveals that there is no dispute that Plaintiff filed her Summons and Complaint with the Clerk of the Knox County Circuit Court less than one year after the motor vehicle accident at issue. Nor is there any dispute that the Summons was issued the same day that the Complaint was filed with the Clerk of the Knox County

Circuit Court. Finally, there is no dispute that the return of service of the Summons was not made by the process server until 412 days after the Summons was issued. The dispute in this case concerns whether Plaintiff's Summons and Complaint were properly served on Defendant pursuant to Tenn. R. Civ. P. 4. If the answer to this question is "no," Plaintiff cannot rely on the tolling provision of Tenn. R. Civ. P. 3. This is a question of law.

Plaintiff argues that she is entitled to rely upon Tenn. R. Civ. P. 3 to toll the statute of limitations because she filed her complaint, process was issued within 90 days, and, Plaintiff alleges, Defendant was served within 90 days. Plaintiff asserts that because she complied with these requirements, she is entitled to rely upon Rule 3 to toll the statute of limitations. This Court has stated, however:

> Standing alone, Tennessee Rule of Civil Procedure 3 could be construed to mean that filing a complaint alone is sufficient to commence an action. However, this construction overlooks the application of Tennessee Rules of Civil Procedure 3 and 4, which also requires service of process. Tennessee law is clear that commencement of an action is accomplished only when a complaint is filed and process is served.

> \* \* \*

> In the more recent case of *Frye v. Blue Ridge Neuroscience Center*, 70 S.W.3d 710 (Tenn. 2002), the Tennessee Supreme Court held that reliance upon the saving statute is dependent upon plaintiff's strict compliance with Tennessee Rule of Civil Procedure 3 in procuring proper service of process. Although the *Frye* case turns on the applicable statute of limitations (as opposed to the statute of repose, …), we conclude that the underlying holding in *Frye* provides guidance in this case. The *Frye* Court held that the initial date of filing cannot be used to toll the statute of limitations when service is not completed pursuant to Rules 3 and 4 of the Tennessee Rules of Civil Procedure. *Id*. at 717.

*McNeary v. Baptist Memorial Hospital*, No. W2009-01231-COA-R3-CV, 2011 Tenn. App. LEXIS 121, at \*\*24-26 (Tenn. Ct. App. March 14, 2011), *appl. perm. appeal denied Aug. 25, 2011*).

Defendant argues in his brief on appeal that Plaintiff did not comply with Tenn. R. Civ. P. 4.03, and, because of this, Plaintiff did not properly serve Defendant and may not rely upon the original commencement to toll the statute of limitations pursuant to Rule 3. As this Court explained in *Watson v. Garza*:

-5-

Because the trial court's jurisdiction of the parties is acquired by service of process, proper service of process is an essential step in a proceeding. *Stitts v. McGown*, No. E2005-02496-COA-R3-CV, 2006 WL 1152649, at *2 (Tenn. Ct. App. May 2, 2006) (citing *Haley v. University of Tennessee-Knoxville*, 188 S.W.3d 518, 522 (Tenn. 2006)). The record must establish that the plaintiff complied with the requisite procedural rules, and the fact that the defendant had actual knowledge of attempted service does not render the service effectual if the plaintiff did not serve process in accordance with the rules. *Wallace v. Wallace*, No. 01A01-9512-CH-00579, 1996 WL 411627, at *2 (Tenn. Ct. App. M.S. July 24, 1996).

"The Tennessee Rules of Civil Procedure govern the service of process, and the Supreme Court has held that the Rules of Civil Procedure are 'laws' of this state, in full force and effect, until such time as they are superseded by legislative enactment or inconsistent rules promulgated by the Court and adopted by the General Assembly." *Estate of McFerren v. Infinity Transport, LLC*, 197 S.W.3d 743, 747 (Tenn. Workers Comp. Panel 2006) (citing *State v. Hodges*, 815 S.W.2d 151, 155 (Tenn. 1991)). "Service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure." *Wallace*, 1996 WL 411627, at *2.

*Watson v. Garza*, 316 S.W.3d 589, 593 (Tenn. Ct. App. 2008).

As pertinent to this appeal, Tenn. R. Civ. P. 4 provides:

**4.03. Summons; Return.** – (1) The person serving the summons shall promptly make proof of service to the court and shall identify the person served and shall describe the manner of service. If a summons is not served within 90 days after its issuance, it shall be returned stating the reasons for failure to serve. The plaintiff may obtain new summonses from time to time, as provided in Rule 3, if any prior summons has been returned unserved or if any prior summons has not been served within 90 days of issuance.

Tenn. R. Civ. P. 4.03(1).

In *Faulks v. Crowder*, this Court held that the filing of a Rule 4.03(2) affidavit over one year and nine months after service was attempted was not reasonable and stated: "Although Rule 4.03(2) does not set forth a specific time in which the affidavit must be filed, we hold the requirements of Rule 4.03(2) must be met within a reasonable time in order for process to be effective." *Faulks v. Crowder*, 99 S.W.3d 116, 123 (Tenn. Ct. App. 2002).

Although *Faulks v. Crowder* differs from the instant case in that the plaintiffs in *Faulks* were attempting to prove service by mail pursuant to Rule 4.03(2)[1], while Plaintiff in the instant case is attempting to prove personal service pursuant to Rule 4.03(1), we see no reason to hold that a plaintiff proceeding under section (2) of Rule 4.03 must comply within a reasonable time but a plaintiff proceeding under section (1) is allowed an unreasonable amount of time or anything other than a reasonable amount of time in which to "make proof of service to the court …." In fact, Rule 4.03(1) contains the additional word "promptly," in its directives unlike Rule 4.03(2) which contains no such specific time-related language, and, thus, section (1) arguably contains an even more stringent requirement than section (2).

The Trial Court clearly found and held that proof of service made to the court 412 days after process was issued was not prompt for purposes of complying with Tenn. R. Civ. P. 4.03(1). We agree. As Plaintiff failed to strictly comply with Tenn. R. Civ. P. 4 with regard to service of process by failing to "promptly make proof of service to the court …," Plaintiff may not rely upon Tenn. R. Civ. P. 3 to toll the statute of limitations. Given all this, the Trial Court correctly dismissed Plaintiff's suit.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Cristy Irene Fair, and her surety.

_____
D. MICHAEL SWINEY, JUDGE

---

[1]Rule 4.03(2) of Tenn. R. Civ. P. provides:

When process is served by mail, the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and, the return receipt shall be sent to and filed by the clerk. The person making service shall endorse over his or her signature on the original summons the date of mailing a certified copy of the summons and a copy of the complaint to the defendant and the date of receipt of return receipt from the defendant. If the return receipt is signed by the defendant, or by person designated by Rule 4.04 or by statute, service on the defendant shall be complete. If not, service by mail may be attempted again or other methods authorized by these rules or by statute may be used.