


## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Patrick Riley, **Employee,** ) | Docket No.: 2015-06-0886 |
| v. ) | State File Number: 48657-2015 |
| Group Electric, **Employer.** ) | Chief Judge Kenneth M. Switzer |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This case came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Patrick Riley, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is two-fold: 1) whether the Court should admit a causation letter and affidavit from physicians into evidence; and, 2) whether Mr. Riley is entitled to additional medical benefits and temporary disability benefits.[1] For the reasons set forth below, the Court admits the letter and affidavit into evidence and finds Mr. Riley satisfied his burden to show he sustained an injury in the course and scope of employment with the employer, Group Electric, triggering its statutory obligation to provide a panel.[2]

### History of Claim

Mr. Riley is a fifty-six-year-old resident of Davidson County, Tennessee. He worked at Group Electric as a journeyman electrician. He testified that on June 8, 2015, while installing wire in a new school building, he injured his left hand and wrist. This occurred while handling thick wire, running it through conduits in the main disconnect and securing the wire to lugs in parallel sets of conduits. The general foreman, Arthur Stevens, assisted Mr. Riley. According to Mr. Riley, the weather was warm, possibly eight-five or ninety degrees, and his hands became sweaty. His left hand slipped due to

---

[1] The Court considers the additional issues checked on the Dispute Certification Notice but not addressed at the expedited hearing as waived.

[2] A complete listing of the technical record and exhibits admitted at the expedited hearing is attached to this Order as an appendix.

1

perspiration and the top of his left wrist struck the aluminum lugs in the main disconnect. Mr. Riley completed the workday. However, on his way home, his wrist and hand began to swell. By the next morning, the swelling spread to his fingers. Group Electric did not refute Mr. Riley's testimony regarding the mechanism of injury.

Mr. Riley reported to work on June 9, 2016, and told Tommy Walker, the superintendent of the jobsite, about the injury as soon as he arrived. At approximately 9:00 a.m., he told Mr. Walker he needed to go to the hospital and left the jobsite.

Mr. Riley went to the Summit Medical Center Emergency Room for unauthorized care. The reason for visit lists "left wrist pain, denies injury." (Ex. A at 2.) Under patient history, the records indicate: "Complaint: wrist injury (pain w/o injury) . . . Timing-onset: days (3) . . . Mechanism of injury: unknown . . . reports no other injuries . . . c/o pain, swelling to left wrist for three days." *Id.* at 12. The notes additionally state, "Is This a Work Related Injury: No." *Id.* at 19.

Mr. Riley testified he told providers that his left elbow was "a little bit sore" about three days prior to the injury, and might have contributed to the work accident, but he maintained he did not suffer from wrist pain for three days prior to treatment at Summit. He stated he told the receptionist and "everyone I talked to" at Summit that he hurt his wrist at work. The Summit providers referred Mr. Riley for an orthopedic consult and diagnosed arthritis, possible gout of the left wrist, and bursitis. *Id.* at 17-18; 38. Mr. Riley did not introduce evidence of any expenses he paid relative to care at Summit.[3]

Group Electric filed an unsigned "Notice of Controversy" form with the Bureau on June 25, 2015.[4] (Ex. G.)

Mr. Riley testified he spoke at some point to Group Electric's owner, H.P. Staley, who offered a panel. The "Choice of Physician" form is dated July 1, 2015, memorializing Mr. Riley's selection of Dr. Rosa Stone. (Ex. I.) According to Mr. Riley, he subsequently gave Mr. Staley a copy of his work restrictions (Ex. C)[5]. He testified Mr. Staley told him Group Electric did not have light-duty work available and he could not return to work until he was released by a physician. Group Electric did not refute this

---

[3] Mr. Riley attempted to introduce such evidence after the closing of evidence at the expedited hearing, prompting Group Electric to object. The Court sustained the objection.

[4] The parties stipulated to the premarked exhibits prior to the commencement of the expedited hearing. Among them is Exhibit G, the Notice of Controversy. Counsel for Mr. Riley introduced another copy of the document into evidence during the hearing, upon which the Court marked it as Exhibit M for identification only. To clarify, the Court admits this document into evidence without limitation as Exhibit G, and strikes Exhibit M as redundant.

[5] Immediately preceding the expedited hearing, counsel stipulated to add a page to Exhibit C, records from Dr. Stone, which lists Mr. Riley's work restrictions. This page is not sequentially numbered, but is the last page of the exhibit.

testimony.

Mr. Riley testified that Mr. Staley additionally directed him to receive treatment at Concentra, where he went on three occasions and saw three different providers. Records from the first visit of June 30, 2015, with Rosalyn Jones, N.P. state, "The patient presents today with left wrist injury. MOI: blunt trauma," and, "Patient was pulling wire and patient hit left wrist on underside of bus service disconnect." (Ex. B at 44.) In addition, "This is the result of a direct blow. Occurred while at work. Complaint of wrist pain." *Id.*

Mr. Riley's second Concentra visit took place on July 3, 2015, where he saw Dr. Joseph Speake. Dr. Speake agreed with the assessment of NP Jones that Mr. Riley suffered a left-wrist contusion, but also noted: "[P]atient got defensive today while asking more detailed questions about his history. Initially stating he saw a doctor in follow-up before changing answer moments later to say he didn't se [sic] doctor due to cost. Story of injury and exam don't seem to correlate very well." (Ex. B at 52.) Mr. Riley testified that Dr. Speake was not interested in treating him but rather wanted to disprove that he hurt himself at work. The third Concentra visit of July 10, 2015, was with Dr. Saritha Reddy, who ordered an MRI. (Ex. B at 55.)

At Mr. Riley's only visit to Dr. Stone on July 23, 2015, she noted, "Stated he hit his left wrist on a switched gear on June the 8th." (Ex. C at 58.) Records from this visit do not contain a statement regarding causation. Mr. Riley's counsel represented that he contacted Dr. Stone in an effort to ascertain her opinion on causation, but she declined to offer it. Mr. Riley underwent an MRI on July 29, 2016 (Ex. D), but he never reviewed the results with Dr. Stone because she refused to see him. Group Electric denied the claim on August 19, 2015. (Ex. K.) Mr. Riley testified he received no care after the denial and still experiences problems in his left hand and wrist.[6]

Mr. Riley filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Riley filed a Request for Expedited Hearing, which took place on April 26, 2016. At the close of evidence at the expedited hearing, Group Electric moved for a directed verdict, which the Court denied.[7]

---

[6] Mr. Riley additionally called Wanda Dyer to testify at the expedited hearing in his case in chief. Group Electric objected to Ms. Dyer's testimony, arguing Mr. Riley did not give adequate notice of his intent to call her as a witness, but failed to cite a rule requiring such advance disclosure at an expedited hearing. The Court overruled the objection and allowed the testimony, but subsequently finds she merely provided cumulative information and disregards her testimony.

[7] In *Burchfield v. Renfree*, 2013 Tenn. App. LEXIS 685 (Tenn. Ct. App. Oct. 18, 2013), the Court of Appeals reiterated the principles regarding directed verdicts:

# Findings of Fact and Conclusions of Law

*Admissibility of Evidence*

## A. Dr. Speake's Causation Letter

After Group Electric denied the claim, Mr. Riley's Counsel sent Dr. Speake a letter asking his opinion on causation. Dr. Speake's September 3, 2015 reply states that Mr. Riley's left hand and wrist injury arose primarily out of and in the course and scope of employment on or about June 8. However, he circled the phrase "assuming the patient's history is accurate" and drew an arrow from his response on causation. The parties represented to the Court that Dr. Speake relocated his practice outside Tennessee.

> Dear Dr. Speake
>
> Please be advised that we have been retained to represent Patrick Riley in his claims for workers' compensation benefits. It is our understanding that you have treated Mr. Riley for his left hand and wrist injury that he sustained during the normal course and scope of work activities with Group Electric. To help us better understand Mr. Riley's claim, and assuming the patient's history is accurate please respond to the following questions and **return this form back to our office via facsimile as soon as possible.**
>
> 1) Is it your opinion that Mr. Riley's left hand and wrist injury a rose arose primarily out of and in the course and scope of employment on or about June 8, 2015?
>
>    ✓ Yes          ___ No

On February 4, 2016, Group Electric filed a Motion in Limine to Exclude Dr. Speake's Report. Mr. Riley did not object, and the Court subsequently entered an Agreed Order on Motion in Limine to Exclude Dr. Speake's Report. The parties stipulated to the admissibility of all medical records excluding the causation letter referenced above. Mr. Riley filed a Motion in Limine to Admit Dr. Speake's Opinion on April 5, 2016. Group Electric renewed its objection in its Response in Opposition to Plaintiff's Motion in Limine to Admit Dr. Speake's Opinion. At the expedited hearing, the Court marked the letter for identification purposes only, heard counsel arguments regarding its admissibility, and took the matter under advisement.

---

> The rule for determining a motion for directed verdict requires the trial judge and the appellate courts to look to all of the evidence, take the strongest, legitimate view of the evidence in favor of the opponent of the motion and allow all reasonable inferences from it in his favor. The court must disregard all countervailing evidence and if there is then any dispute as to any material, determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Id.* at *86-87 (internal citations omitted). In this case, the Court finds that reasonable minds can differ as to the conclusions to be drawn from the evidence, and therefore a directed verdict was not warranted. Further, Group Electric's motion should be styled as a motion to dismiss, as directed verdicts are appropriate in the context of jury trials rather than bench trials.

4

Group Electric argued Dr. Speake's causation letter should not be admitted into evidence on multiple grounds. First, because he is unavailable, his signature on the letter cannot be authenticated. Second, the letter is hearsay from an unavailable declarant, where no exceptions apply. Third, the letter has no probative value because Dr. Speake did not render his opinion to a reasonable degree of medical certainty, in accordance with the definition of "injury" found in Tennessee Code Annotated section 50-6-102(14)(D) (2015). Fourth, it is fundamentally unfair to admit an opinion where the parties cannot depose the physician due to his unavailability. Specifically, the statute contemplates that direct testimony from a physician may be introduced on the Bureau's medical report form, and establishes that all parties have the right to depose and cross-examine the physician regarding the report's contents. *See* Tenn. Code Ann. § 50-6-235(c)(1) (2015); *and see Carter v. Quality Outdoor Prods.*, 303 S.W.3d 265 (Tenn. 2010). Fifth, the equities favor exclusion because Mr. Riley initially agreed to exclude Dr. Speake's opinion, but subsequently changed his mind without allowing Group Electric sufficient time to obtain an independent medical examination to potentially rebut Dr. Speake's findings.

Mr. Riley cited *Young v. Young Electric,* No. 2015-06-0860, 2016 TN Wrk. Comp. LEXIS 69 (Tenn. Ct. Workers' Comp. Cl. Apr. 13, 2016)[8] as persuasive authority, where the trial court found a causation letter is a medical record and, therefore, can be admitted into evidence pursuant to administrative regulations. *Id.* at *12-14. The administrative rule provides an exception for medical records in the workers' compensation context to the Rules of Evidence and case law interpreting them. Further, Group Electric's objections center principally around the weight the Court should place upon Dr. Speake's causation letter, rather than its admissibility.

The Court respectfully rejects Group Electric's assertions, and finds the letter is an admissible medical record. (Exhibit L.) Although Dr. Speake is apparently unavailable to authenticate the signature, Group Electric provided no reason to suspect that someone other than Dr. Speake signed the letter.

In reaching the conclusion regarding the letter's admissibility, the starting point for the Court's analysis is Tennessee Code Annotated section 50-6-239(c)(1) (2015), which states in part:

> The Tennessee Rules of Evidence . . . shall govern proceedings at all hearings before a workers' compensation judge *unless an alternative procedural or evidentiary rule has been adopted by the administrator. Whenever the administrator has adopted an alternative procedural or*

---

[8] Mr. Riley's counsel acknowledged his participation in *Young* and that the matter is presently pending before the Tennessee Workers' Compensation Appeals Board, although he represented that this particular issue is not before the appellate court.

*evidentiary rule that conflicts with the Tennessee Rules of Evidence, the rule adopted by the administrator shall apply[.]*

*Id.* (emphasis added). Tennessee Compilation Rules and Regulations 0800-02-21-.16(b) (2015) provides in relevant part, "All medical records signed by a physician . . . shall be admissible."

By the plain language of the statute, signed medical records are admissible. This Court agrees with Mr. Riley both that the rule serves as an exception to the Rules of Evidence and that Group Electric's arguments focus more on the weight the Court should accord the letter rather than its authenticity. Along these lines, however, the Court agrees with Group Electric that the letter is of little or no probative value, considering Dr. Speake's equivocation in expressing his opinion. Moreover, as Group Electric observed, the opinion expressed is not rendered to a reasonable degree of medical certainty. *See* Tenn. Code Ann. § 50-6-102(14)(D) (2015). Therefore, the Court places no weight upon it.

Group Electric argued Tennessee Supreme Court opinions, specifically *Carter,* trump an administrative rule allowing the admissibility of medical records signed by a provider. Its reliance upon *Carter* is misplaced. This authority predates enactment of the 2013 Reform Act. Further, *Carter* concerned the admissibility of a section 235 medical report at a trial. This case, however, comes before the Court as an expedited hearing–the interlocutory phase–where the Court is asked to make an initial determination on benefits as expeditiously as possible under the circumstances. Were this a compensation hearing, the Court might be more accepting of Group Electric's assertion that its inability to depose a physician is prejudicial to its case. Along these lines, because the case is before the Court at the expedited hearing phase, Group Electric's argument that it should be allowed to counter the opinion with that of an independent medical examiner is unpersuasive as well. Group Electric remains free to obtain such an opinion prior to the compensation hearing.

### B. Dr. Reddy's Affidavit

Group Electric additionally argued the Court should not admit into evidence the Affidavit of Dr. Saritha Reddy. Group Electric correctly observed that the affidavit contains numerous factual errors. Dr. Reddy testified she treated Mr. Riley "on or about June 30, 2015," when in fact she saw him on July 10, 2015. She further testified that Dr. Speake's opinion in the causation letter was "within a reasonable degree of medical certainty, that Patrick Riley was involved in a work accident on June 8, 2015 that resulted in an injury to his left hand and wrist." The Court reviewed Dr. Speake's causation letter in its entirety; nowhere does it contain such an assertion. Dr. Reddy proceeded in the affidavit to testify that the injury is work-related. However, she did not an express an opinion regarding the work-relatedness of Mr. Riley's injury within the July 10, 2015

6

treatment notes. Dr. Reddy declined to treat Mr. Riley, and is, therefore, also unavailable.

In response, Mr. Riley observed that Drs. Speake and Reddy are providers he saw upon Group Electric's direction, and he should not be penalized for their subsequent unavailability, which occurred through no fault of his own.

The Court took the matter under advisement at the hearing, but now admits the affidavit into evidence as Exhibit F. The Court agrees with Group Electric that the affidavit's information is inaccurate. Nonetheless, the affidavit is signed, sworn to and subscribed before a notary public, and appears to meet the requirements of a sworn affidavit as set forth within the applicable rules. *See* Court of Workers' Comp. Claims Prac. & Proc. 5.02 (2015). Affidavits are generally admissible at expedited hearings. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) and Court of Workers' Comp. Claims Prac. & Proc. 5.01 (2015). In sum, Dr. Reddy's affidavit is admissible, but the Court places no weight upon it due to its inaccuracies.

*General Legal Principles and Causation*

The Court now turns to the applicable legal principles regarding the central issue, causation. In general, Mr. Riley bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). Mr. Riley need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Rather, at an expedited hearing, Mr. Riley must come forward with sufficient evidence from which the trial court can determine he is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). Further, an injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment[.] Tenn. Code Ann. § 50-6-102(14)(A) (2015). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. Workers' Comp. Panel 1993). Thus, the course of

employment requirement focuses on the time, place, and circumstances of the injury. *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314, 318 (Tenn. 2005). By contrast, arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005).

Here, Mr. Riley credibly testified regarding a specific incident: On June 8, 2015, he injured his left hand and wrist while installing wire at work. Although Group Electric vigorously cross-examined him, it did not challenge his testimony concerning the manner in which Mr. Riley became injured, nor did it produce any evidence, documentary or testimonial, to refute his version of the events that led to his left-wrist injury.

Rather, Group Electric attempted to impugn Mr. Riley's credibility generally by questioning him regarding past felony convictions. Mr. Riley candidly admitted to as many as fifteen past felony convictions, most stemming from burglaries. The Court is aware of that criminal record, but, weighs it along with Mr. Riley's credible testimony and histories he gave to N.P. Jones and Dr. Stone. Group Electric additionally focused on the history he gave providers at Summit. The Court duly notes the Summit histories of injury differ from the histories recorded at Concentra and by Dr. Stone. However, when weighing all evidence, the Court finds Mr. Riley's unrefuted version of the events of June 8, 2015 credible, tipping the scales in his favor at this time. The Court finds Mr. Riley suffered an injury by accident in the course of employment with Group Electric. Therefore, Mr. Riley has come forward with sufficient evidence from which this Court concludes that he is likely to prevail at a hearing on the merits on this issue.

At an expedited hearing, an employee need not establish the compensability of his or her claim by a preponderance of the evidence. *See Lewis v. Molly Maid, et al.*, No. 2015-06-0456, 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at *8-9 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2016). Rather, where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *Id.*

In this case, Group Electric offered a panel and authorized treatment, but failed to allow Mr. Riley's treatment to run its course. Counsel for the parties represented to the Court that Dr. Stone does not wish to treat Mr. Riley. Providers at Summit recommended Mr. Riley see an orthopedist. Therefore, this Court orders Group Electric to provide Mr. Riley with a panel of orthopedic specialists pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2015). Afterward, the parties may consult with the orthopedist Mr. Riley selects to marshal the evidence regarding causation and ultimately compensability.

Finally, "[a]n employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated § 50-6-207(1) whenever the employee has suffered a compensable, work-related injury that has rendered the employee unable to work." *Jewell v. Cobble Constr. and Arcus Restoration,* No. 2014-05-0003, 2014 TN Wrk. Comp. LEXIS 15, at *31 (Tenn. Wrk. Comp. App. Bd. Dec. 15, 2014), *citing Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). Until such time as compensability is established, the Court reserves ruling on Mr. Riley's request for temporary disability benefits. With regard to his request for reimbursement of past medical expense and/or mileage, because Mr. Riley introduced no evidence of this at the expedited hearing, the Court denies such request at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Group Electric or its workers' compensation carrier shall provide Mr. Riley with medical treatment for his injury as required by Tennessee Code Annotated section 50-6-204 (2015), to be re-initiated by Group Electric or its workers' compensation carrier providing Mr. Riley with a panel of orthopedic specialists as required by that statute. Medical bills shall be furnished to Group Electric or its workers' compensation carrier by Mr. Riley or the medical providers.

2. Mr. Riley's request for past medical expenses and/or mileage is denied at this time.

3. The Court reserves ruling on Mr. Riley's request for temporary disability benefits at this time.

4. This matter is set for an Initial (Scheduling) Hearing on June 13, 2016, at 8:30 a.m. Central time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 9th day of May, 2016.**

9

Kenneth M. Switzer, Chief Judge
Court of Workers' Compensation Claims

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Chief Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

10

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>

A. Summit Records from June 9, 2015
B. Concentra Records from June 30, 2015, July 3 and 10, 2015
C. Stone Urgent Care records from July 23, 3015
D. 100 Oaks Imaging records from July 29, 2015
E. Affidavit of Patrick Riley
F. Affidavit of Dr. Saritha Reddy
G. Notice of Controversy, June 25, 2015
H. First Report if Injury, June 30, 2015
I. Choice of Physicians Form, July 1, 2015
J. Wage Statement, July 29, 2015
K. Notice of Denial of Claim for Compensation, August 19, 2015
L. Causation letter

<u>Technical record:</u>[9]
1. Petition for Benefit Determination, November 3, 2015
2. Employer's position statement to mediator, November 18, 2015
3. Dispute Certification Notice, December 14, 2015; incorporates additional issues listed in Group Electric's counsel's email to the mediator on December 11, 2015
4. Motion in Limine to Exclude Dr. Speake's Report, February 4, 2016
5. Request for Expedited Hearing, February 12, 2016
6. Agreed Order on Motion in Limine to Exclude Dr. Speake's Report, February 19, 2016
7. Response in Opposition to Request for Expedited Hearing, February 24, 2016
8. Motion for Enlargement of Time to Respond to Request for Expedited Hearing, February 24, 2016
9. Stipulation Regarding Admission of Medical Records, February 26, 2016 (Attached medical records are in evidence as Exs. A-D.)
10. Defendant's Prehearing Brief, February 26, 2016 (Attached medical records have been stricken since they are already in evidence as Exs. A and B.)
11. Joint Motion to Continue Expedited Hearing, March 1, 2016

---

[9] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the expedited hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

12. Order Granting Motion to Continue Expedited Hearing, March 3, 2016
13. Order, March 4, 2016
14. Motion in Limine to Admit Dr. Speake's Opinion, April 5, 2016
15. Defendant's Response in Opposition to Plaintiff's Motion in Limine to Admit Dr. Speake's Opinion, April 13, 2016
16. Order Setting Motion for Hearing, April 15, 2016
17. Defendant's Motion to Continue Expedited Hearing to Permit I.M.E., April 19, 2016
18. Order Denying Motion to Continue Expedited Hearing, April 20, 2016
19. *Young v. Young Electric,* filed by Mr. Riley, April 25, 2016

## Certificate of Service

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of May, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Michael Fisher, Employee's attorney | | | X | mfisher@ddzlaw.com |
| T. Ryan Malone, Employer's attorney | | | X | ryan@petersonwhite.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

14